**Ex parte Guadalupe S. RODRIGUEZ.**

**No. 68939.**

Court of Criminal Appeals of Texas, En banc.

March 3, 1982.

Rehearing Denied April 7, 1982.

Philip S. Greene, Houston, for appellant.

Reynaldo Cantu, Jr., Dist. Atty. and John Haywood, Asst. Dist. Atty., Brownsville, Robert Huttash, State's Atty., Austin, for the State.

---

## OPINION

ONION, Presiding Judge.

This is an original application for writ of habeas corpus. Relator seeks relief from an order of the 197th District Court holding him in contempt for refusing to answer questions before the grand jury of Cameron County then in session.

The record shows that the relator was subpoenaed on November 16, 1981, to testify before the said grand jury. It appears that relator's brother, Fernando Rodriguez, had been indicted for murder of Alfonso Diaz in Cause No. 81–Cr–623–C on September 23, 1981.

On November 18, 1981, relator was arrested by a United States deputy marshall and held in jail on a federal narcotics charge. Bail was set at $1,700,000.00.

On November 24, 1981, the relator moved to quash the grand jury subpoenas. It was relator's contention that he, his wife and son were present at the time of the shooting of Alfonso Diaz and were material defense witnesses in his brother's case, that his brother had already been indicted and the grand jury was not investigating a case, subject to indictment, but that the State was seeking discovery of defense testimony in his brother's case, etc.

At the hearing on November 24, 1981, to quash the grand jury subpoenas for the relator and his wife, an assistant district attorney, John Haywood, testified the subpoena for the relator was for the on-going investigations of events surrounding the murder for which appellant's brother had been indicted and other potential criminal acts, and to preserve the testimony given; that he specially wanted to question relator and his wife about the alleged murder, the events prior to and after the offense and about the people involved.

At the conclusion of the hearing, the court overruled the motions to quash the subpoenas.

On November 25, 1981, the State filed a written motion to grant "use" immunity to the relator with regard to any grand jury testimony given by him. On November 25, 1981, at which relator was not represented by counsel, the court granted the State's motion and the relator was ordered to testify before the grand jury.

On the same date the grand jurors reported that relator and his wife had refused to answer their questions in connection with Cause No. 81–Cr–623–C styled *The State v. Fernando Rodriguez.* Without any inquiry into what questions had been propounded by the grand jury or whether they were proper questions, the court orally held the relator and his wife held in contempt and ordered them jailed until they answered the questions of the grand jury and further ordered they pay a fine of $500.00 a day until they purged themselves of contempt.

On January 11, 1982, the court entered its written order of contempt against the relator referring to the action taken on November 25, 1981. The order refers to the refusal of the relator to answer the grand jury's questions on that date after being granted immunity. The order notes that the questions (without stating them) were proper. Nothing from the transcription of the court reporter's notes from November 25, 1981, or anything else in the record shows what questions were asked the relator or that they were in fact proper questions.

The record further shows that the July 1981 term of the grand jury was extended until January 15, 1982. The record does not show when the term was extended nor whether it was extended to cover an investigation into the murder case against relator's brother or related matters. It does show the grand jury was discharged on January 15, 1982.

Article 20.15, V.A.C.C.P., provides:

"When a witness, brought in any manner before a grand jury, refuses to testify, such fact shall be made known to the attorney representing the State or to the court; and the court *may compel the witness to answer the question, if it ap-*

pear *to be a proper one*, by imposing a fine not exceeding five hundred dollars, and by committing the party to jail until he is willing to testify."

We put aside any question of whether the grand jury was acting within the scope of its authority, or whether the granting of the "use" immunity was proper. We turn to the contempt order entered.

■ We observe that on November 25, 1981 the record does not reflect that the trial court determined what specific questions had been asked by the grand jurors of the relator, or as required by said Article 20.15, whether they were proper ones, before holding the relator in contempt. If the court did not do this, the written contempt order of January 11, 1982, based on the actions of November 25, 1981, is void.

Further, the record shows that the grand jury before which the relator was required to testify to purge himself has been discharged. *Ex parte Jackson*, 95 Tex.Cr.R. 200, 253 S.W. 287 (1923), held that a witness cited for contempt for refusal to answer questions before a grand jury and confined to jail until he so testified was purged of contempt when the discharge of the particular grand jury was ordered. "It would seem evident that when the end is no longer possible of accomplishment, further resort to the means would be held futile." *Jackson* at pp. 288–289. See also *Ex parte Moorehouse*, 614 S.W.2d 450, 452 (Tex.Cr. App.1981).

■ We further observe that the fine imposed of $500.00 *per day* until the relator purged himself of contempt was in excess of that authorized by Article 20.15, supra. In view of the excessiveness and the fact the contempt order appears void from its inception, we need not further discuss the validity of any portion of the fine.

Appellant is entitled to the relief prayed for and is entitled to discharge with regard to the said contempt order.

It is so ordered.