Ex parte Garvin **RICHARDSON.**

No. 68998.

Court of Criminal Appeals of Texas, En Banc.

Oct. 20, 1982.

Harry Heard, Longview, for appellant.

Rob Foster, Dist. Atty., Rodney S. Scott, Asst. Dist. Atty., Longview, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is a petition for habeas corpus alleging that Garvin Richardson is being illegally confined in Gregg County jail as a result of an order of contempt for refusal to testify after being granted immunity, entered by Honorable Marcus Vascocu, Judge of the 188th District Court, on June 24, 1982.

The contempt order by the trial court can be broken down into two parts: (1) the punishment for contempt by a $500 fine and 72 hours in jail and (2) further confinement until he purges himself of the contempt. The second part is moot and will not concern this Court since the trial in which the applicant was to testify has ended. Therefore, the applicant no longer needs to purge himself. However, the first is not moot.

The applicant urges two grounds: (1) that the trial court had failed to inform him of the type of immunity the trial court was granting, and (2) the trial court failed to advise him of the scope of the immunity being offered.

Much of the argument in applicant's first ground of error attacks the portion of the order that is now moot. The rest of the argument does not speak to the stated ground. The record reflects that on two occasions immunity from prosecution was granted to the applicant based specifically upon V.T.C.A., Penal Code Sec. 71.04. The State's motion was *read* into the record verbatim and tracks Section 71.04, supra, under Title 11—Organized Crime.

Section 71.04 Testimonial Immunity

"(a) A party to an offense under this chapter may be required to furnish evidence or testify about the offense.

"(b) No evidence or testimony required to be furnished under the provisions of this section nor any information directly or indirectly derived from such evidence or testimony may be used against the witness in any criminal case, except a prosecution for aggravated perjury or contempt."

There is nothing in the record that another type of immunity was offered. Further the record reflects that counsel and the applicant had adequate time to consult about the type and scope of the immunity. The first ground is overruled. The other unrelated topics mentioned under this ground of error are not sufficiently developed to present anything for review.

Applicant's second ground of error, that the trial court failed to advise relator of the scope of the immunity being offered, is also asserted without authority. It is good practice for the prosecution to have the offer of immunity, the areas of inquiry, the questions, and the scope of immunity in writing and on record before the court. However, applicant cites no authority to show that a writing is mandatory.

The record shows the type, scope, and area of inquiry were sufficient to apprise the applicant of the immunity offered. The record also shows that counsel stated during the hearing that he had adequate time to consult with the applicant.

Relief is denied.