**Ex parte Rose ROGERS.**

No. 68945.

Court of Criminal Appeals of Texas, En Banc.

Nov. 3, 1982.

Ian Inglis, Gary J. Cohen, Austin, for appellant.

Neal Pfeiffer, Dist. Atty., Bastrop, Robert Huttash, State's Atty., Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This proceeding involves an original application for writ of habeas corpus pursuant to Article V, § 5 of the Texas Constitution.

The record before this court reveals that on February 8, 1982, a judgment of contempt was entered against the applicant to be confined in the Bastrop County jail until she had purged herself of contempt by testifying before the grand jury and further imposing upon her a fine of $500.00.

The contempt judgment was entered by the judge of the 21st Judicial District Court of Bastrop County pursuant to Article 20.-15, V.A.C.C.P., which provides:

"When a witness, brought in any manner before a grand jury refuses to testify, such fact shall be made known to the attorney representing the State or to the court; and the court may compel the witness to answer the question, if it appear to be a proper one, by imposing a fine not exceeding five hundred dollars and by committing the party to jail until he is willing to testify."

It appears that the applicant Rogers was subpoenaed to appear before the grand jury on January 14, 1982, to be questioned about an alleged offense of possession of marihuana on or about November 11, 1981. On January 14, 1982, applicant filed a motion to quash the subpoena. She did not appear before the grand jury. It appears on January 18, 1982, the motion to quash was denied, and the applicant was ordered to appear before the grand jury on January 20, 1982. On this date the applicant appeared but refused to answer questions before the grand jury invoking her privilege against self-incrimination.

The State then filed a motion to hold applicant in contempt and to compel her testimony pursuant to Article 20.15, V.A.C.C.P.[1] It appears that on January 25, 1982, a hearing was held on said motion at which hearing applicant asserted she would continue to invoke her self-incrimination privilege. The court granted her immunity and ordered she appear before the grand jury on February 8, 1982. Briefs of both parties

1. The State asserts in its brief the motion was filed January 22nd while the motion itself reflects it was filed January 20th.

assert this occurred on January 25, 1982. The record, however contains the State's application for immunity dated February 8, 1982, requesting for applicant "total immunity from prosecution for any offense arising from the same transaction." The court's order dated February 8, 1982, approving the application, granted to the applicant both "use" and "complete" immunity.[2]

On February 8, 1982, the applicant appeared before the grand jury and again invoked her privilege against self-incrimination. On the same date the court conducted a hearing, and finding the questions propounded to be proper, etc., found the applicant in contempt and ordered her confined in jail until she purged herself of contempt by testifying before the grand jury and to pay a fine of $500.00. See Article 20.15, supra.

On February 9, 1982, applicant filed a motion for leave to file original application for a writ of habeas corpus in this court. The applicant was freed on a $1,000.00 personal bond and this court gave the respondent time to file a response. After the response was received, the motion for leave to file was granted and the cause was set for submission.

■ Applicant attacks the contempt order on several grounds. We observe, however, at the outset that it has been made to appear that the term of the grand jury before whom the applicant was ordered to testify has expired and the jurors discharged. Thus, that part of the contempt order requiring testimony before said body is now moot. *Ex parte Jackson,* 95 Tex. Cr.R. 200, 253 S.W. 287 (1923), held that a witness cited for contempt for refusal to answer questions before a grand jury and confined to jail until he so testified was purged of contempt when the discharge of the particular grand jury was ordered. "It would seem that when the end is no longer possible of accomplishment further resort to

the means would be held futile." *Jackson* at pp. 288–289. See also *Ex parte Moorehouse,* 614 S.W.2d 450 (Tex.Cr.App.1981); *Ex parte Rodriquez,* 629 S.W.2d 757 (Tex. Cr.App.1982); *Ex parte Richardson,* 640 S.W.2d 294 (Tex.Cr.App.1982). Although that part of the contempt order requiring the applicant to appear and testify before the grand jury in order to purge herself of contempt is now moot, the portion of the order imposing a fine of $500.00 is not moot. See and cf. *Ex parte Richardson,* supra.

First, appellant Rogers contends that she is entitled to the relief prayed for because the grand jury investigation constituted an abuse of the grand jury function. Applicant argues that Mark Edward Shorthouse, who was called to testify before the grand jury, and several other persons had been indicted for the offense of possession of marihuana on or about November 11, 1981, and her interrogation before the grand jury was an attempt to discover evidence to bolster the State's cases against the indicted individuals and to establish a criminal case against her. She calls the action a "fishing expedition." It has been said that "it is improper to use the grand jury for the purpose of preparing an already pending indictment for trial." *United States v. Dardi,* 330 F.2d 316 (2nd Cir.1964).

■ It is well established, however, that the presumption of regularity surrounds acts of a grand jury. *Beverly v. United States,* 468 F.2d 732 (5th Cir.1972).

■ We cannot conclude that the record before us is adequate to appraise applicant's contention and overcome the presumption of regularity. The record reflects that applicant appeared before the grand jury on January 20, 1982, prior to being granted immunity. She was told by the district attorney she was a suspect in an offense of aggravated possession of marihuana on November 11, 1981, and in an organized criminal activity offense (V.T.C.A., Penal Code,

---

2. See and cf. *Ex parte Joseph,* 172 Tex.Cr.R.    355, 356 S.W.2d 789 (1962).

§ 71.02) on November 11th and other dates. After being sworn, she stated to the grand jury her name, age, birthplace and time of residence in Texas, occupation, etc. Thereafter she invoked her privilege against self-incrimination and refused to answer other questions propounded. While she was asked if she knew Mark Shorthouse and other individuals, there is nothing to show she was being questioned about the same transactions or events[3] involving Mark Shorthouse or others which had resulted in indictments. On February 8, 1982, after being granted transactional immunity, she testified before the grand jury that her answers would be the same if the same questions were asked her as on January 20, 1982. It was thereafter she was held in contempt.

Under the circumstances, we cannot say that applicant is entitled to relief from the $500.00 fine imposed by the contempt order on the basis that the grand jury function was abused.

Applicant also contends she is entitled to the relief prayed for because unauthorized persons were in the grand jury room. Applicant notes two Department of Public Safety officers were in the grand jury room on January 20, 1982, and one asked her questions to which she invoked her Fifth Amendment rights.

Article 27.03, V.A.C.C.P., provides in part:

> "In addition to any other grounds authorized by law, a motion to set aside an indictment or information may be based on the following:
>
> "1. * * *
>
> "2. That some person not authorized by law was present when the grand jury was deliberating upon the accusation against the defendant, or was voting upon the same; and . . . ."

It is clear from the record that the grand jury was not "deliberating" or voting upon an indictment at the time in question. See *Harris v. State*, 450 S.W.2d 629 (Tex.Cr. App.1970).

**3.** Only the "on or about November 11, 1981"

When a grand jury is not deliberating, the presence of peace officers, stenographers, etc., is not discountenanced, however, better practice is that only the prosecutor, reporter and witnesses being interrogated should be present. *Minton v. State*, 468 S.W.2d 426 (Tex.Cr.App.1971); *Baldwin v. State*, 478 S.W.2d 476 (Tex.Cr.App.1972).

In the instant case there has been no indictment returned, the grand jury was not deliberating at the time and the applicant had not at the time been granted immunity. While the practice of allowing the presence of peace officers in the grand jury room when other witnesses are being interrogated is not to be commended, the applicant is not entitled to relief from a contempt order imposing a fine of $500.00 for refusing to answer questions before the grand jury on February 8, 1982, after being granted transactional immunity.

Applicant is entitled to relief from that portion of the contempt judgment ordering her to testify before the grand jury as that grand jury's term has expired and the jurors have been discharged. The applicant is not entitled to relief from that portion of the order imposing a fine of $500.00.

It is so ordered.

date would seem to be similar.