**Ex parte Russell KYLER.**

**No. 03–95–00098–CR.**

Court of Appeals of Texas, Austin.

Sept. 20, 1995.

Charles O. Grigson, Austin, TX, for appellant.

Ronald Earle, District Attorney, C. Bryan Case, Jr., Assistant District Attorney, Austin, TX, for State.

Before POWERS, ABOUSSIE and KIDD, JJ.

POWERS, Justice.

Russell Kyler appeals from a denial of relief requested under a writ of habeas corpus. In his writ application, Kyler challenged a district court contempt order issued pursuant to article 20.15 of the Texas Code of Criminal Procedure for Kyler's refusal to testify before a grand jury. We will reverse the district court's order denying relief under the writ.

## THE CONTROVERSY

A subpoena required Kyler to testify before the grand jury for the 299th Judicial District Court of Travis County. Following denial of his motion to quash the subpoena, Kyler appeared before the grand jury and refused to answer questions, invoking his Fifth Amendment privilege against self-incrimination. The State moved to grant Kyler testimonial immunity and compel his testimony. The court issued an order granting Kyler testimonial immunity and requiring him to testify before the grand jury. Tex.Penal Code Ann. § 71.04 (West 1994).

The next day Kyler appeared before the grand jury and declined to answer a question regarding his knowledge of a contract. The State immediately filed a motion for contempt and a hearing was held. Based on the earlier order granting Kyler testimonial immunity, the district court held him in contempt, assessed a fine of $500 and committed him to jail until he agreed to testify. The court also denied Kyler's application for writ of habeas corpus. The 167th district court issued the writ on Kyler's application to that court. After a hearing, the court denied the relief requested under the writ of habeas corpus. This appeal ensued. The term of the grand jury to which Kyler was subpoenaed has expired. The portion of the contempt order requiring Kyler's testimony is therefore moot. *Ex parte Port,* 674 S.W.2d 772, 780 (Tex.Crim.App.1984), *overruled on other grounds,* 740 S.W.2d 446 (Tex.Crim. App.1987); *Ex parte Rodriguez,* 629 S.W.2d 757, 759 (Tex.Crim.App.1982). Only the $500 fine is in issue.

## DISCUSSION AND HOLDINGS

Kyler's points of error one through five challenge the validity of the contempt order. The question before us is whether the contempt order was obtained in compliance with the procedures required by article 20.15 of the Code of Criminal Procedure.

Under article 20.15, when a witness before the grand jury refuses to testify, "the court may compel the witness to answer the question, if it appears to be a proper one, by imposing a fine not exceeding five hundred dollars, and by committing the party to jail until he is willing to testify." Tex.Code Crim.Proc.Ann. art. 20.15 (West 1979). The wording of article 20.15 implies the existence of a specific question or questions the witness has refused to answer. After determining that such questions are proper, the court may order the witness to answer. If the witness again refuses to answer, "the court may then punish the witness *for violating the court's order." Ex parte Edone,* 740 S.W.2d 446, 449 (Tex.Crim.App.1987).

The district court failed to adhere to the procedure set forth in article 20.15. The order granting Kyler testimonial immunity did not order him to answer specific questions found to be proper. Assuming Kyler refused to answer questions propounded before the grand jury after he was granted testimonial immunity, article 20.15 required that he be brought again before the court. After determining the propriety of the specific questions Kyler had refused to answer, the court could have ordered Kyler to answer them. If Kyler refused to answer following this order to do so, *then* his violation of that order would have constituted contempt of the court under article 20.15.[1] *Ex parte Edone*, 740 S.W.2d at 449. The order granting immunity and requiring Kyler generally to testify did not satisfy the requirements of article 20.15, namely an order to answer a specific question found to be proper and a subsequent violation of that order.

## CONCLUSION

We find the district court did not comply with the procedure required by article 20.15. Accordingly, we sustain Kyler's points of error one through five. We reverse the order denying relief requested in the application for writ of habeas corpus and render judgment that Kyler be discharged from the order of contempt, thus relieving Kyler from the $500 fine. In light of the foregoing disposition, we need not address Kyler's remaining points of error.

---

**1.** The district court order that held Kyler in contempt of the *grand jury* is incorrect. The refusal to testify before a grand jury following a court order constitutes contempt of the *court*. *Ex parte Edone*, 740 S.W.2d 446, 449 (Tex.Crim.App. 1987).