**Donald Leroy STAVINOHA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 567–89.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 13, 1991.

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and J. Harvey Hudson, James Buchanan and Jon Munier, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

Appellant pled guilty before the jury of the offense of aggravated sexual assault, and his punishment was assessed at nine years, nine months confinement, and a $10,-000.00 fine. See Article 26.14, V.A.C.C.P. During this unitary proceeding the State was allowed to admit testimony relating to mental trauma experienced by both appellant's nine year old victim, and the victim's mother, as fallout from the offense. In several points of error appellant contended on appeal that the trial court erred to admit this evidence over his objection. The First Court of Appeals disagreed, and affirmed appellant's conviction in an unpublished opinion. *Stavinoha v. State*, 1989 WL 19230 (Tex.App.—Houston [1st], No. 01–88–00063–CR, delivered March 9, 1989). We granted appellant's petition for discretionary review in order to examine the court of appeals' conclusion that "evidence of the emotional effect on complainant and his mother is relevant to the issue of appellant's punishment." Slip op. at 8. Tex.R. App.Pro., Rule 200(c)(2).

Appellant is a Catholic priest who was discovered by a Houston police officer performing fellatio upon a nine year old parishioner in the back of a church van in a darkened public parking lot at about 11:00 p.m., on the night of April 30, 1986. Complainant's mother, a single parent, was allowed to testify that since this offense she and her son had changed residence, complainant had been placed in a new school, and they had quit attending church. She also testified she was getting psychological counseling and had made arrangements for her son to receive such counseling as well. In addition, a psychologist who had examined both mother and son, Dr. Michael Cox, was permitted to testify as follows:

"A. What I have seen are first, I think, depression, guilt, a compromise, damaged self-image, and an inability to trust, particularly authority figures, fears of males, fears of the church, social withdrawal symptoms including night errors [terrors], bedwetting, increase in sleep disturbance.

Q: Are these some of the type of personality manifestations that work themselves into a syndrome that provides the individual so afflicted with problems that might manifest themselves in later years as sexual offenses?

A: That's correct.

\* \* \* \* \* \*

A: The mother suffers from moderate to occasionally severe depression that's beset by serious feelings of guilt. Her sense of herself as a parent, as a mother, has been impaired as well. She is prone to excessive tension, worry, anxiety as a result of all that.

Q: Is there an interacting cycle between the mother's depression and anxieties and child's behavior?

A: Yes, there is, to the extent the mother feels bad, feels worse, the child will also feel worse. Conversely, when this child experiences nightmares, social withdrawal problems in school and so on, that makes the mother feel more guilty therefore depressed. You get his kind of spiraling cycle."

The court of appeals held this testimony was admissible on the strength of the Sixth Court of Appeals' holding in *Killebrew v. State,* 746 S.W.2d 245, at 247–48 (Tex.App. —Texarkana 1987, pet. ref'd).[1] Appellant now contends that this holding is irreconcilable with this Court's decision in *Brown v. State,* 757 S.W.2d 739 (Tex.Cr.App.1988). We disagree.

*Brown* involved a prosecution for rape. The accused did not contest that the complainant had been raped, but presented evidence of alibi. The State proved that since the assault the complainant had twice attempted suicide, and had suffered "weight gain, job loss, fear of being outside and loss of confidence[.]" *Id.,* at 740. This Court held that, consent not being an issue, such evidence was not relevant at the guilt phase of trial under Tex.R.Cr.Evid., Rule 401. Unlike *Brown,* however, the instant cause presents the question of "relevance," *vel non,* of post-assault trauma evidence at the punishment phase of trial. We agree with the court of appeals' conclusion that our decision in *Brown* is inapposite.

Disposition of this cause is instead controlled by our recent holding in *Miller–El v. State,* 782 S.W.2d 892 (Tex.Cr.App.1990). There, the State proffered evidence that as a result of an attempted capital murder the victim had been rendered a paraplegic. The State was allowed to present testimony as to future hardship that would befall the victim on account of his disability. We held that this latter testimony was inadmissible at the guilt phase of the trial as having no tendency to make more or less probable the existence of any fact of consequence at that stage of the proceedings. Rule 401, supra. Nevertheless, we held the testimony admissible at the punishment phase of trial as a "circumstance of the offense" within the compass of *Murphy v. State,* 777 S.W.2d 44, at 63 (Tex.Cr.App. 1988) (Plurality opinion on State's motion for rehearing). We explained:

"In *Murphy* a plurality of the Court noted that admissibility of evidence at the punishment phase of a non-capital felony offense is a function of policy rather than relevancy. This is so because by and large there are no discreet [sic: discrete] factual issues at the punishment stage. [footnote omitted] There are simply no distinct 'fact[s] ... of consequence' that proffered evidence can be said to make more or less likely to exist. Rule 401, supra. Rather, '[d]eciding what punishment to assess is a normative process, not intrinsically factbound.' *Murphy,* supra, at 63. What evidence should be admitted to inform that normative decision is not a question of logical relevance, but of policy. Apart from Article 37.07, § 3(a), V.A.C.C.P., however, the Legislature has not set a coherent policy to guide courts in discerning what evidence is appropriate to the punishment deliberation. Moving to fill the policy void, this Court has declared that, subject to limitations imposed by Article 37.07, § 3(a), supra, evidence of 'the circumstances of the offense itself or ... the defendant himself' will be admissible at the punishment phase. *Murphy,* supra, at 63, quoting *Stiehl v. State,* 585 S.W.2d 716, 718 (Tex.Cr.App.1979)."

*Miller–El v. State,* supra, at 895–96.[2] We went on to observe that victim impact evi-

---

1. In *Killebrew,* supra, the victim of an aggravated assault was permitted to testify at the punishment phase of trial:

   "that she was afraid to be home alone or to drive alone, that she was scared every time someone looked at her, that she gets real nervous, that she thinks about the crime every day even though eight months have since elapsed, and that after the assault she had to

   pay the part of her medical bills not covered by insurance."
   746 S.W.2d at 247. The court of appeals held "that facts such as those are legitimate considerations in assessing punishment where the crime is a violent assault on a person." *Id.,* at 248.

2. Both *Miller–El* and the instant cause were tried before the effective date of the 1989 amendment to Article 37.07, § 3(a). In that

dence may be admissible as a circumstance of the offense, even in a capital prosecution, so long as that evidence "has some bearing on the defendant's 'personal responsibility and moral guilt.' " *Id.*, at 896, quoting *Booth v. Maryland,* 482 U.S. 496, at 502, 107 S.Ct. 2529, at 2533, 96 L.Ed.2d 440, at 448 (1987), which quotes in turn *Enmund v. Florida,* 458 U.S. 782, 801, 102 S.Ct. 3368, 3378, 73 L.Ed.2d 1140, 1154 (1982). *A fortiori,* such evidence would be admissible in a non-capital case.

Turning to the factual scenario at hand in *Miller–El,* supra, we concluded that the evidence of the complainant's paralysis and the future hardship it would cause:

> "did not outrun [Miller–El's] moral culpability—she either intended or should have anticipated [complainant's] death. In either event she is 'blameworthy,' even in contemplation of *Booth v. Maryland,* supra. Under these circumstances we deem it appropriate, in absence of legislative authority to the contrary, to allow the sentencing jury to consider the full extent of the damage done, even as to likely future pain and suffering. Unless we are to hold that retribution is not a permissible component of a jury's otherwise unfettered discretion to assess whatever punishment it sees fit given the circumstances of the offender and the offense, we must conclude this jury was entitled to hear and consider [victim impact testimony] to inform that discretion."

*Id.,* at 897.

Likewise, we believe a jury could rationally hold appellant morally accountable for the psychological trauma to both complainant and his mother, and for the consequences of that trauma. There was evidence that appellant was in charge of youth activities in his parish, and in that capacity he had cultivated a particular relationship of trust with complainant's mother over a period of several years, bringing her gifts of prayer candles and taking her son to church, to the movies and to play video games. Appellant knew these parishioners well, and preyed upon their vulnerabilities as single parent and child, respectively. He could easily have anticipated the impact his betrayal of trust would have on both mother and child. Given this background, the psychological damage described by Dr. Cox, and the manifestations of that damage as related by complainant's mother, can readily be attributed to appellant's conduct. We conclude that the evidence had a bearing on appellant's personal responsibility and his moral guilt, and we therefore hold it was admissible. *Miller–El v. State,* supra.

The judgment of the court of appeals is affirmed.

TEAGUE, J., dissents.

MALONEY, J., not participating.

BAIRD, Judge, concurring.

This petition for discretionary review was granted to determine whether the Court of Appeals erred in concluding that "testimony concerning the effect of a sexual assault is relevant and admissible in evidence at the punishment phase of a trial in contravention of the dictates of Tex.Code Crim.Proc.Ann. art. 37.07." This ground is controlled by our opinion in *Miller–El v. State,* 782 S.W.2d 892 (Tex.Cr.App.1990), wherein this Court held that evidence of the circumstances of the offense itself, or the defendant himself, will be admissible at the punishment phase. *Id.,* at 896. Specifically, *Miller–El* stands for the proposition that the long lasting effects suffered by a victim are admissible at the punishment phase of a trial. *Id.* Pursuant to *Miller–El,* evidence in the instant case of the child-victim's ongoing and possible future psychological trauma was undoubtedly admissible at the punishment phase of appellant's trial. Because *Miller–El* is so clear-

---

amendment the Legislature provided that evidence may be admitted at the punishment phase of trial "as to any matter the court deems relevant to sentencing, including" those matters previously made expressly admissible under the statute, *viz:* the prior criminal record of the defendant, his general reputation and his character. See Acts 1989, 71st Leg., ch. 785, p. 3492, § 4.04, eff. Sept. 1, 1989. Query what the Legislature means by "relevance" in this context. See *Murphy v. State,* supra, at 62–63.

ly dispositive of this cause, I consider this petition for discretionary review to have been improvidently granted.

While victim impact evidence is clearly admissible, I do not, however, endorse the broad language expressed by the majority concerning the admissibility of evidence of psychological trauma experienced by the victim's mother, *Stavinoha*, slip op. at 4–5, because such evidence typically falls beyond the scope of "circumstances of the offense." *Murphy v. State*, 777 S.W.2d 44, 63 (Tex.Cr.App.1988) (opinion on reh'g); *Stiehl v. State*, 585 S.W.2d 716, 718 (Tex. Cr.App.1979).[1] In the instant case, however, I construe the evidence of the mother's trauma admissible due to the psychological testimony concerning the "interacting cycle" or "spiraling cycle" between the victim's emotions and those of his mother's. *Stavinoha*, slip op. at 2.

This case was tried before the 1989 amendment to art. 37.07 § 3(a), which now permits evidence to be admitted at the punishment phase "as to any matter the court deems relevant to sentencing." *See* Acts 1989, 71st Leg., ch. 785, p. 3492, § 4.04, eff. Sept. 1, 1989. However, the law in effect at the time of appellant's trial permitted only introduction of the defendant's prior criminal record, his general reputation and his character. Tex.Code Crim.Proc.Ann. art. 37.07. Accordingly, I feel the majority opinion should not be construed as a comment on art. 37.07 as amended.

With these comments, I concur in the result reached by the majority.

---

1. The United States Supreme Court has prohibited the introduction of evidence of impact on the victim's family in the punishment phase of capital trials. *Booth v. Maryland*, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987).