IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-144-CR




MICHAEL BROWN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 924798, HONORABLE BOB PERKINS, JUDGE PRESIDING


 





PER CURIAM

 The district court found appellant guilty of impersonating a peace officer and
assessed punishment at imprisonment for five years and a $500 fine. Tex. Penal Code Ann.
§ 37.11 (West 1989). The court suspended imposition of sentence and placed appellant on
probation. 

 At approximately 2:00 a.m. on May 29, 1992, Lisa Wright was returning home
from an automobile trip when a pickup truck occupied by two men stopped behind her at a traffic
light in Austin. Appellant, who was driving the truck, began to flash his headlights. As Wright
drove on after the traffic light turned green, appellant pulled up beside her. Appellant and his
companion showed Wright large badges, claimed they were police officers, and demanded that
she stop her car, saying, "Bitch, get out of your car." Wright realized that the men were not
policemen and refused to comply with their demands. The men pursued Wright across town. 
Wright began to speed and run red lights in hopes of attracting the attention of a real policeman. 
Finally, she reached a friend's residence, where she called the police and gave them appellant's
license number.

 At the punishment hearing, Wright testified that since this incident, she has
difficulty sleeping and experiences nightmares, is afraid to travel, and is frightened when other
cars approach her in traffic. Wright also testified that she wanted the court to assess jail time and
for appellant to promise never again to do such a thing. Appellant objected to this testimony on
the ground that, under the terms of article 42.03 of the Code of Criminal Procedure, such "victim
impact" evidence may be presented only after punishment is assessed and sentence is pronounced. 
Tex. Code Crim. Proc. Ann. art. 42.03, § 1(b) (West Supp. 1994). (1) Appellant repeats this
contention on appeal.

 The procedures to be followed at the punishment stage of trial and the evidence that
may be considered in determining punishment are the subject of article 37.07 of the Code of
Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 37.07 (West 1981 & Supp. 1994). Since
September 1, 1989, that statute has authorized the admission of evidence as to any matter the court
deems relevant to sentencing. Id. § 3(a) (West Supp. 1994). (2) Even before the 1989 amendment,
the Court of Criminal Appeals declared that under article 37.07, section 3, the circumstances of
the offense are relevant to sentencing and may be considered by the trier of fact in determining
the punishment to be assessed. Murphy v. State, 777 S.W.2d 44, 63 (Tex. Crim. App. 1989)
(opinion on motion for rehearing). One circumstance of the offense that may be considered is the
degree of injury to the victim, so long as the fact finder may rationally attribute moral culpability
to the accused for that injury. Stavinoha v. State, 808 S.W.2d 76, 78-9 (Tex. Crim. App. 1991)
(aggravated sexual assault; testimony regarding psychological trauma suffered by child victim and
its physical manifestations properly admitted); Miller-El v. State, 782 S.W.2d 892, 896 (Tex.
Crim. App. 1990) (attempted capital murder; testimony regarding victim's medical prognosis
properly admitted).

 If the legislature disapproved of the opinions in Stavinoha and Miller-El, the
obvious remedy would have been to amend article 37.07, section 3, to prohibit the consideration
of victim impact evidence in assessing punishment. Instead, the legislature did the opposite,
amending article 37.07, section 3, in 1993 to expressly authorize the admission of evidence
regarding the circumstances of the offense. (3) We must assume the legislature knew when it did
so that the circumstances of the offense had been held to include the impact of the crime on the
victim. See Moore v. State, 868 S.W.2d 787, 790 (Tex. Crim. App. 1993). Although the 1993
amendment to article 37.07 became effective after appellant's trial, we consider it an indication
of the legislature's approval of the holdings in Stavinoha and Miller-El. 

 We find nothing in the text of article 42.03, section 1(b), to suggest that it was
intended to prohibit the consideration of victim impact evidence in assessing punishment. Article
42.03 is concerned with the procedures to be followed in pronouncing sentence. The statute does
not purport to govern the conduct of the punishment stage of a criminal trial, and in particular
does not speak to the evidence that may be considered by the court or jury in determining the
appropriate punishment. The bill analysis prepared for House Bill 520, which became article
42.03, section 1(b), states that the purpose of the bill was to allow a victim to appear and present
to the court a statement of his or her views of the offense. There is no mention in the analysis
of the opinions in Murphy, Stavinoha, or Miller-El, and no indication that the bill was intended
to limit the admission of victim impact evidence.

 We hold that article 42.03, section 1(b), does not prohibit the introduction of victim
impact evidence at the punishment stage of trial. A court may admit as a circumstance of the
offense evidence of the victim's physical or emotional injury, so long as the fact finder may
rationally attribute moral culpability to the accused for that injury. (4)

 Appellant argues that he cannot be held morally culpable for Wright's trauma
because it resulted from her fear of what might have happened rather than from anything appellant
actually did. We disagree. Wright's fear was the understandable and fully predictable result of
appellant's actions. The district court could rationally hold appellant morally accountable for the
psychological trauma to Wright resulting from his actions. The point of error is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: April 13, 1994

Publish
1. Section 1 of article 42.03 reads:



 (a) Except as provided in Article 32.14, sentence shall be
pronounced in the defendant's presence.


 (b) The court shall permit a victim, close relative of a
deceased victim, or guardian of a victim, as defined by Article
56.01 of this code, to appear in person to present to the court a
statement of the person's views about the offense, the defendant,
and the effect of the offense on the victim. The court reporter may
not transcribe the statement. The statement must be made:


 (1) after punishment has been assessed and the court
has determined whether or not to grant community supervision in
the case;


 (2) after the court has announced the terms and
conditions of the sentence; and


 (3) after sentence is pronounced.



Section 1(b) was added to the statute effective June 5, 1991. See Act of May 24, 1991, 72d Leg.,
R.S., ch. 278, § 1, 1991 Tex. Gen. Laws 1186.
2. See Act of May 19, 1989, 71st Leg., R.S., ch. 785, § 4.04, 1989 Tex. Gen. Laws 3471,
3492. In this cause, the district court stated that it found the challenged testimony to be relevant
to sentencing.
3. See Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 5.05, 1993 Tex. Gen. Laws 3586,
3759.
4. Appellant assumes that Wright's testimony that she wanted appellant to receive jail time was
victim impact testimony, and we accept that assumption for the purpose of this opinion. We note
that any error in admitting this testimony was harmless beyond a reasonable doubt because the
sentence for a third-degree felony must include a term of incarceration. Tex. Penal Code Ann.
§ 12.34 (West Supp. 1994).