Affirmed and Majority and Concurring Opinions filed May 30, 2006









Affirmed
and Majority and Concurring Opinions filed May 30, 2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01096-CR

NO.
14-04-01097-CR

____________

 

ENRIQUE ESPINOSA,
JR.,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 56th
District Court

Galveston County, Texas

Trial Court Cause Nos. 03CR0322
& 03CR0323

 



 

M A J O R I T Y   O P I N I O N

Appellant, Enrique Espinosa, pleaded
guilty to two counts of attempted capital murder.  See Tex.
Pen. Code Ann. ' 15.01 (Vernon 2003); Tex. Pen. Code Ann. ' 19.03(a)(1)
(Vernon Supp. 2005).  After a punishment
hearing, a jury assessed punishment at fifty-five years= confinement in
the Texas Department of Criminal Justice, Institutional Division, and a $5,000
fine for each offense to run concurrently. 
Appellant asserts three issues on appeal.  We affirm. 


 








Factual and
Procedural Background

Around noon on February 12, 2003,
appellant walked along the Galveston seawall with another man.  Two Galveston police officers, Officer
Clemente Garcia and Officer Jerry Roberts, drove past the men and recognized appellant
as having an outstanding warrant.  The
officers made a u-turn on Seawall Blvd., so appellant and the other man were
walking towards the officers.  Officer
Garcia exited the driver=s side of the police vehicle and walked to
the back of the car.  Officer Roberts
exited the passenger side of the vehicle and approached appellant and the other
man and began talking to them.  Within
less than one minute, appellant took a few steps away from Officer Roberts,
pulled out a gun, and shot him two times, once in the leg and once in the
stomach.  Officer Garcia yelled at
appellant from behind the police vehicle and fired two shots at appellant.  Appellant then fired one shot at Officer Garcia.  Appellant and the other man ran from the
scene on foot, and Officer Garcia followed them.  Both appellant and Officer Garcia fired more
shots at each other during this pursuit. 
Officer Garcia eventually lost appellant and the other man.  

Later than evening, Roberto Torres,
appellant=s older cousin, and appellant=s mother convinced
appellant to turn himself in to the police. 
Torres called Officer Joey Quiroga and arranged to meet Officer Quiroga
in a public location for appellant to be arrested.  Officer Quiroga met Torres, appellant, and
appellant=s mother, at a grocery store parking lot,
where  Officer Quiroga arrested
appellant.  Appellant then directed
Officer Quiroga to the gun he used earlier in the day.  

Appellant subsequently pleaded guilty to
two counts of attempted capital murder of a police officer without an agreement
as to punishment.  Appellant elected to
have a jury assess punishment.  After
hearing evidence from both the State and defense, the jury assessed punishment
at 55 years= confinement and a $5,000 fine for each
offense.  








Discussion

Appellant asserts three issues on appeal:
(1) the trial court erred in permitting the prosecutor to improperly argue to
the jury; (2) the trial court erred in permitting the introduction of appellant=s out of court
statement; and (3) the trial court erred in admitting impermissible victim
impact testimony.  

I.                   
Improper Jury Argument

In his first issue,
appellant contends that through a series of questions to witnesses, the State
improperly made an argument to the jury.[1]  Specifically, appellant contends the
prosecutor attempted to make an improper comparison of the punishment
differences between attempted capital murder and capital murder when
questioning two witnesses.  During
Officer Clemente Garcia=s
testimony, the prosecutor asked whether someone, prior to killing another,
would be called a killer.  During Roberto
Torres=s
testimony, the prosecutor elicited questions about what appellant=s punishment would have been if the
officers at whom appellant shot had died and whether Awe=re asking the jury to give [appellant]
credit for the fact that [the officers] didn=t
die.@  Appellant contends these questions were not
designed to elicit personal knowledge from the witnesses, but rather were to
frame an argument to the jury by persistently questioning witnesses about
subjects that exceed the bounds of permissible jury argument.  








Proper jury argument
consists of four general areas: (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answers to argument of opposing counsel; or
(4) pleas for law enforcement.  Guidry
v. State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999); Wright v. State,
178 S.W.3d 905, 929 (Tex. App.CHouston
[14th Dist.] 2005, pet. filed).  Error is
not reversible unless, in light of the record as a whole, the argument is
extreme and manifestly improper.  Allridge
v. State, 762 S.W.2d 146, 155 (Tex. Crim. App. 1988); Wright, 178
S.W.3d at 929.   

The State contends appellant
waived review of any error regarding the State=s
comments because appellant failed to object to similar comments made during
voir dire.  Appellant=s failure to timely object to an
alleged error waives the complaint on appeal. 
Tex. R. App. P. 33.1(a).  When the parties present the same evidence or
argument to the jury elsewhere during trial without objection, no reversible
error exists.  McFarland v. State,
845 S.W.2d 824, 840 (Tex. Crim. App. 1992) (overruled on other grounds); Longoria
v. State, 154 S.W.3d 747, 766 (Tex. App.CHouston
[14th Dist.] 2004, pet. ref=d).  Appellant must object at the earliest possible
opportunity to prevent waiver of an issue on appeal.  Turner v. State, 805 S.W.2d 423, 431
(Tex. Crim. App. 1991); Ross v. State, 154 S.W.3d 804, 807B08 (Tex. App.CHouston
[14th Dist.] 2004, pet. ref=d).  The prosecutor first made the complained of
remarks during voir dire when the prosecutor discussed the differences in
punishment between attempted capital murder and capital murder.  The prosecutor explained that if a person
commits capital murder, the punishment is either life in prison or the death
penalty, but if you only attempt to commit capital murder, the penalty range is
reduced by one degree.  The prosecutor
also described a hypothetical where a defendant intended to strangle a
six-year-old girl to death and left her by the road, but she lived because
emergency workers saved her.  Therefore,
the defendant in the hypothetical could only be charged with attempted capital
murder.  Had the child died, the crime
charged would have been capital murder. 
Appellant did not object to the punishment explanation or the
hypothetical. 








When appellant complains
about an improper remark by the prosecutor during voir dire, appellant must
object when the remark is made.  Beltran
v. State, 99 S.W.3d 807, 811 (Tex. App.CHouston
[14th Dist.] 2003, pet. ref=d)
(overruling issue about trial court=s
improper comments because appellant failed to preserve error by objecting when
the court made the comments); see also Cruz v. State, 877 S.W.2d 863,
868 (Tex. App.CBeaumont
1994, pet. ref=d)
(holding the defendant waived the issue on appeal of improper argument during
closing argument because he did not object during voir dire when the prosecutor
first made comments about the difference in punishment between the charged
crime of murder and capital murder). 
Accordingly, we hold appellant failed to preserve the issue of whether
these questions amounted to improper jury argument for appellate review because
he did not object when the prosecutor first made the complained of argument to
the jury during voir dire. 

Furthermore, even if
appellant had properly preserved this issue for review, no harm occurred.  The jury could only assess the range of
punishment provided by law and incorporated in the jury charge, which in this
case ranged from five to ninety-nine years=
confinement.  Viewing the entire record,
assuming these questions amount to jury argument, they are not extreme or
manifestly improper.  See Allridge,
762 S.W.2d at 155; Cruz, 877 S.W.2d at 868. 

II.                
Extraneous Offense Punishment Evidence








In his second issue,
appellant contends the trial court erred when it permitted the State to
introduce appellant=s out of
court statement to a jailor as evidence of an extraneous offense.  Appellant contends the prejudicial effect
exceeds the probative value of this statement. 
When assessing punishment, article 37.07, section 3(a) of the Texas Code
of Criminal Procedure permits the jury to consider evidence of extraneous
crimes or bad acts that are shown beyond a reasonable doubt to have been
committed by the defendant.  Tex. Code Crim. Proc. Ann. art. 37.07 ' 3(a) (Vernon Supp. 2005).  The trial judge has wide latitude in
determining what evidence is relevant, including acts occurring before or after
the charged offense.  Contreras v.
State, 59 S.W.3d 362, 365 (Tex. App.CHouston
[1st Dist.] 2001, no pet.).  ADetermining what is relevant then
should be a question of what is helpful 
to the jury in determining the appropriate sentence for a particular
defendant in a particular case.@  Rogers v. State, 991 S.W.2d 263, 265
(Tex. Crim. App. 1999).  Even if relevant
to the determination of a defendant=s
sentence, however, evidence may be excluded on grounds that its probative value
is substantially outweighed by the danger of unfair prejudice.  See id. at 266. 

An appellate court will
reverse a trial court=s
decision to admit evidence only for an abuse of discretion.  Ho v. State, 171 S.W.3d 295, 302 (Tex.
App.CHouston
[14th Dist.] 2005, pet. ref=d).  The abuse of discretion standard requires an
appellate court to uphold a trial court=s
admissibility decision when that decision is within the zone of reasonable disagreement.  Robbins v. State, 88 S.W.3d 256, 260
(Tex. Crim. App. 2002).  

Appellant contends his
remark lacked a common relationship to himself or to the circumstances of the
offense, citing Goudeau v. State, 788 S.W.2d 431 (Tex. App.CHouston [1st Dist.] 1990, no pet).  We disagree. 
Appellant made threatening statements to a sheriff=s deputy while in jail awaiting trial
for the offense of shooting two police officers.  The sheriff=s
deputy testified appellant said that when appellant Asigns@ for his time after his case is
through, the deputies Abetter
watch out@ because
appellant is going to get a deputy, also. 
Considering the nature of the offense, these statements are highly
relevant in assessing punishment.  

Appellant also contends his
remarks are unfairly prejudicial because the deputy never charged appellant
with disciplinary action or afforded him a hearing to defend himself.  However, appellant has been afforded the
protection of the Texas Code of Criminal Procedure.  Article 37.07, section 3(a)(1) requires the
jury, when assessing punishment, to only consider extraneous offenses and bad
acts when those offenses and acts have been proven beyond a reasonable
doubt.  Tex.
Code Crim. Proc. Ann. art. 37.07(a)(1); Huizar v. State, 12
S.W.3d 479, 481 (Tex. Crim. App. 2000). 
The jury must be instructed about this rule, and in this case, the jury
was given such an instruction.  See
Huizar, 12 S.W.3d at 484.  Defense
counsel also cross-examined witnesses and argued to the jury that appellant=s statement cannot be considered unless
the State proved it beyond a reasonable doubt. 









Appellant further contends
the context in which the statement was made makes the statement unfairly prejudicial.  Essentially, the remark was not taken
seriously by those familiar with a jail environment, but persons not
familiar with a jail environment may have been deeply disturbed upon hearing
the remark.  We disagree.  Rule 403 of the Texas Rules of Evidence
carries a presumption that relevant evidence must be more probative than
prejudicial.  Jones v. State, 944
S.W.2d 642, 652 (Tex. Crim. App. 1996); Ho, 171 S.W.3d at 301.  Evidence should be excluded only when there
exists a clear disparity between the danger of unfair prejudice and the
probative value of the evidence.  Jones,
944 S.W.2d at 652.  To be unfairly
prejudicial, there must be Aan
undue tendency to suggest [a] decision on an improper basis, commonly, though
not necessarily, an emotional one.@  Rogers, 991 S.W.2d at 266.  The jury=s
lack of familiarity with the interactions between people in jail and those
guarding them does not create an undue tendency to suggest the jury will be
inflamed by those statements and make a punishment decision on their emotions,
rather than the facts before them.  One
of the goals of the Penal Code is to prevent a defendant from continuing to
engage in criminal behavior after that defendant has completed the
sentence.  Tex. Pen. Code Ann. '
1.02(1)(C) (Vernon 2003); Rogers, 991 S.W.2d at 265B66. 
Appellant=s
statements run directly opposite of this purpose.  Appellant has not shown a clear disparity
between the danger of unfair prejudice and the probative value of appellant=s threat to harm another police officer
once released from prison.  We hold the
trial court did not abuse its discretion in admitting into evidence appellant=s statement, and we overrule appellant=s second issue. 

III.              
Victim Impact Testimony








In his third issue,
appellant contends the trial court erred when it permitted the State to elicit
impermissible victim impact testimony. 
The trial court exercises discretion in admitting victim impact
evidence, while appropriately limiting the amount and scope of such
evidence.  Salazar v. State, 90
S.W.3d 330, 336 (Tex. Crim. App. 2002). 
An appellate court reviews the admission of victim impact testimony
under an abuse of discretion standard.  DeLarue
v. State, 102 S.W.3d 388, 403 (Tex. App.CHouston
[14th Dist.] 2003, pet. ref=d).  If the trial court=s
ruling is within the zone of reasonable disagreement, a trial court=s ruling will be upheld.  Id. 
When considering the admissibility of victim impact testimony, trial
courts must consider such factors as: (1) how probative is the evidence; (2)
the potential of the evidence to impress the jury in some irrational, but
nevertheless indelible way; (3) the time the proponent needs to develop the
evidence; and (4) the proponent=s
need for the evidence.  Salazar,
90 S.W.3d at 336 (citing Solomon v. State, 49 S.W.3d 356, 336 (Tex.
Crim. App. 2001) and Reese v. State, 33 S.W.3d 238, 240 (Tex. Crim. App.
2000)).  A trial court deserves the
greatest deference when it has explicitly weighed and balanced the factors and
articulated its rationale for admitting or excluding evidence.  Id. at 337.  The decision to admit victim impact testimony
does not follow a bright line rule; therefore, the decision requires heightened
judicial supervision and careful selection of such evidence to maximize its probative
value and minimize the risk of unfair prejudice.  Id. at 336.  

Victim impact evidence may
be admissible at the punishment phase when that evidence has some bearing on
the defendant=s
personal responsibility or moral culpability. 
Id. at 335.  Victim impact
evidence is designed to remind the jury of the foreseeable consequences the
crime has on the community and the victim=s
family and friends.  Id.  Relevant victim impact evidence may include
the physical, psychological, or economic effects of a crime on the victim or
the victim=s
family.  See Stavinoha v. State,
808 S.W.2d 76, 79 (Tex. Crim. App. 1991); Miller-El v. State, 782 S.W.2d
892, 895 (Tex. Crim. App. 1990).  

A.                
Terry Bowden=s
Testimony








Appellant contends witness
Terri Bowden=s
testimony about her reaction to the shooting on February 12, 2003 constitutes
improper extraneous victim impact evidence. 
Extraneous victim impact evidence by people not named in the indictment
is inadmissible because such evidence runs the risk of extreme prejudice and
can lead to an unfair punishment hearing. 
Cantu v. State, 939 S.W.2d 627, 637 (Tex. Crim. App. 1997); Lindsay
v. State, 102 S.W.3d 223, 228 (Tex. App.CHouston
[14th Dist.] 2003, pet. ref=d).  Such evidence is irrelevant under Rule 401 of
the Texas Rules of Evidence.  Cantu,
939 S.W.2d at 637; see Tex. R.
Evid. 401.  Therefore, trial
courts limit victim impact testimony to those victims named in an
indictment.  Lindsay, 102 S.W.3d
at 228.

Terry Bowden was eating
lunch in a van with some co-workers approximately three car lengths away from
the shooting.  She testified about seeing
appellant shoot Officer Roberts, but she did not see what Officer Garcia did
because she moved down to the floorboard of the van after the shooting began.  When the prosecutor asked her why she moved,
she testified she moved to the floorboard because she was scared.  Defense counsel objected to improper victim
impact testimony, and the trial court overruled the objection but told the
prosecutor he could not ask how the event made her feel or whether it caused
her trauma in the future.  The prosecutor
then asked Bowden again why she moved to the floorboard, and she testified she
did it because she was scared.  

Bowden=s testimony included her personal observances
of the events surrounding the shooting. 
She testified she was scared at the time, but that statement did not
amount to victim impact testimony. 
Bowden=s
statement was about the circumstances surrounding the shooting and why she only
observed part of the events. 
Circumstances of the offense itself will be admissible for the
fact-finder=s
consideration when assessing punishment. 
Tex. Code Crim. Proc. Ann.
art. 37.07 ' 3(a);
Miller-El, 782 S.W.2d at 896; Sanders v. State, 25 S.W.3d
854, 857 (Tex. App.CHouston
[14th Dist.] 2000), pet. dism=d,
improvidently granted, 56 S.W.3d 52 (Tex. Crim. App. 2001).  We disagree with appellant=s contention that this testimony
amounts to victim impact testimony by Bowden. 
Bowden did not testify about the foreseeable consequences of appellant=s crime.  See Salazar, 90 S.W.3d at 335.  Rather, she testified about the circumstances
of the offense.  








B.                
Officer Jerry Roberts=
Testimony

Appellant further contends
Officer Roberts testimony about his wife=s
fear for her husband=s
life while working as a police officer constitutes improper victim impact
evidence.[2]  This testimony clearly falls within the realm
of proper victim impact testimony because Officer Roberts testified about the
impact his injuries had on his family.  See
Salazar, 90 S.W.3d at 335 (holding the jury should hear testimony about the
impact of a crime on the victim=s
family members and friends); Richardson v. State, 83 S.W.3d 332, 360B61 (Tex. App.CCorpus
Christi 2002, pet. ref=d)
(holding a doctor may testify about the impact of the crime on the children of
their murdered mother).  The trial court
did not abuse its discretion in admitting this testimony from Officer Roberts.  

Accordingly, we overrule
appellant=s third
issue.  

Conclusion

Having considered and
overruled each of appellant=s
three issues on appeal, we affirm the judgment of the trial court.  

 

John S. Anderson

Justice

 

Judgment rendered and Majority and Concurring Opinions filed May
30, 2006.

Panel consists of Chief Justice Hedges and Justices Yates and
Anderson (Yates, J. concurring).

Publish C
Tex. R. App. P. 47.2(b).











[1]  We note the
concurrence would have us analyze this issue as an improper evidentiary
ruling.  We decline to do so because such
analysis would distort the plain language of appellant=s true issue before this court.  





[2]  Appellant
cites Fryer v. State, 68 S.W.3d 628, 630 (Tex. Crim. App. 2002) for the
proposition that a victim cannot testify about the impact of a crime on his or
her family, but rather, the family member must testify themselves.  Appellant mischaracterizes the holding in Fryer.
 The Eighth Amendment analysis in Fryer
discusses the United States Supreme Court=s
holding in Booth v. Maryland, 482 U.S. 509, 107 S. Ct. 496 (1987),
overturned in part by Payne v. Tennessee, 501 U.S. 808, 111 S. Ct. 2597
(1991), which requires family members with opinions and characterizations about
a crime itself to testify about those opinions themselves.  Fryer, 68 S.W.3d at 630.  Fryer does not hold family members
must personally testify about how the crime impacted their lives.  Fryer does not apply to the facts or
issues of this case.