Vicky Ree WILKERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 48554.

Court of Criminal Appeals of Texas.

June 19, 1974.

Kurt Phillippus, Kaufman (court-appointed), for appellant.

Harold Hollingsworth, Dist. Atty., Arthur Miller, Asst. Dist. Atty., Kaufman, and Jim D. Vollers, State's Atty., Austin, for the State.

**590**

OPINION

DALLY, Commissioner.

The conviction is for robbery; the punishment, imprisonment for fifteen years.

█ The sufficiency of the evidence to support the conviction is not challenged. In the first of three grounds of error it is asserted:

"The Court erred in admitting the testimony of Officer Carl Hall regarding the confiscation of a .38 calibre pistol because this was the result of an oral confession following the appellant's arrest and interrogation and the warning which was given to him was improper and not in compliance with Article 15.17 [Vernon's Ann.C.C.P.]."

This ground of error does not complain of the admission of an oral confession which the appellant may have made while in custody before being properly advised of his constitutional rights. The complaint made in this ground on appeal concerns the testimony of Hall and recovery of the pistol taken from the complainant which was recovered from one Melanie McClain in Dallas as a result of the officer's conversation with the appellant after his arrest. No objection was made when the pistol was offered and admitted in evidence. The objection made at the time of trial prior to the complained of testimony of Officer Hall was:

"I am going to object to any further inquiry as to investigation of Mr. Wilkerson. I don't believe that's the Miranda warning required by the Texas Statute."[1]

The trial objection may have been sufficient to apprise the Court that the appellant was claiming he had not been properly advised of his constitutional rights before the oral confession was given,[2] but the trial objection was not specific enough to direct the Court's attention to the appellant's complaint now made about the officer's testimony of recovering the weapon from Melanie McClain. The error, if any, was not preserved. See De Leon v. State, 500 S.W.2d 862 (Tex.Cr.App.1974); Rawlinson v. State, 487 S.W.2d 341 (Tex.Cr.App.1972); Sierra v. State, 482 S.W.2d 259 (Tex.Cr.App.1972); Evans v. State, 480 S.W.2d 387 (Tex.Cr.App.1972); Moore v. State, 480 S.W.2d 728 (Tex.Cr.App.1972); Golden v. State, 475 S.W.2d 273 (Tex.Cr.App.1971).

In his second ground of error the appellant urges he was denied his constitutional right to a speedy trial.

The ground of error rests upon the showing that appellant was incarcerated in the county jail for one year before trial and a claim that the delay deprived him of the testimony of three witnesses. They were a co-defendant, Dennis Davis, Melanie McClain, and Phillip Green, the driver of the automobile in which the appellant allegedly traveled from Kaufman County to Dallas after the commission of the offense. There is not even on appeal an allegation or suggestion of how the testimony of these witnesses would have benefited the appellant's defense. Proof was also offered to show the criminal trial docket in Kaufman County was rather light during the year prior to the appellant's trial.

The record shows that the offense was committed November 17, 1972. The appel-

[1]. Officer Hall had testified that after the arrest of the appellant, "Well, we give him the Miranda warning and he was also arraigned before a justice of the peace in Dallas—The Miranda warning, of course, we carry a copy of it in our pocket advising him of his rights." Hall further testified that the warning he "read to him that day" was, "You have a right to remain silent. Anything you say can and will be used against you in a court of law.

You have the right to talk to a lawyer and have him present with you while you are being questioned. If you cannot afford to hire a lawyer, one will be appointed before any questioning if you wish one."

[2]. The oral confession which the appellant now says he gave to the officers was not offered in evidence.

lant was arrested and placed in jail on November 19, 1972. The indictment was returned on January 26, 1973, and the appellant was arraigned on February 19, 1973, with the trial being set for March 27, 1973. At the arraignment the appellant had advised the Court that he wished to retain counsel. When the trial date in March was reached and the appellant had not retained counsel the Court appointed an attorney to represent him with a new trial date being set on June 11, 1973. At that time the appellant complained about his appointed attorney and at appellant's request the case was continued and different defense counsel was appointed. The State was ready for trial in March and June, 1973. The appellant was tried on November 12, 1973. On the day of trial the appellant filed a motion to dismiss the indictment because he had been deprived of a speedy trial.

■ The "balancing test" of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L. Ed.2d 101 (1972) used to determine whether constitutional rights have been violated because of the failure to accord a defendant a speedy trial requires consideration of these guidelines. (1) The length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant resulting from the delay.

See also Moore v. Arizona, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973); McKinney v. State, 491 S.W.2d 404 (Tex.Cr. App.1973); George v. State, 498 S.W.2d 202 (Tex.Cr.App.1973); McCarty v. State, 498 S.W.2d 212 (Tex.Cr.App.1973); Haas v. State, 498 S.W.2d 206 (Tex.Cr.App. 1973); and Turner v. State, 504 S.W.2d 843 (Tex.Cr.App.1974).

■ Speedy trial questions must be approached on a case by case basis. Without undue protraction of this opinion when the above criteria are applied to the facts of this case and a comparison is made of the application of the same criteria to the facts of other recently decided cases the appel-

lant's complaint here is without merit. See, e. g., McKinney v. State, supra; Pete v. State, 501 S.W.2d 683 (Tex.Cr.App. 1973); Turner v. State, supra.

■ The last ground of error complains of the failure of the trial court to grant a mistrial when the district attorney on voir dire examination of the jury injected his personal thoughts and opinion of the guilt of the appellant.

The following excerpt from the record will show the matter complained of in the context in which it occurred.

"[PROSECUTOR]: . . . As you know I represent the State and in representing the State I represent the citizens of Kaufman County, but you don't take what I say to find this man guilty. You take the evidence and that's all I am asking you to do. You know it's been said a lot of times that it would be better for four guilty people to go free than to convict one innocent man. I feel that way myself. As I established here, I feel like from what I know about the case the man is guilty; but that's not the law in our country.

"[DEFENSE ATTORNEY]: Your Honor, I am going to object to what Mr. Hollingsworth thinks. I think that's highly prejudicial; and Your Honor, for the purpose of the record, I am going to ask that you ask the jury panel to disregard that statement.

"THE COURT: Sustain the objection and instruct the jury not to consider the statement.

"[PROSECUTOR]: I didn't get to finish my statement. Really, he objected before time. What I was telling the jury panel, it's not what I feel or don't feel or anyone else. He objected before I could finish my statement.

"[DEFENSE ATTORNEY]: Your Honor, if I may for the purposes of the record, realizing Mr. Hollingsworth has

clarified that now, but I would move for a mistrial, please sir.

"THE COURT: Overrule the motion.

"[PROSECUTOR]: It doesn't make any difference what I feel about the case. It doesn't make any difference what I feel about the case or the deputy or the sheriff or anyone else. If we had that kind of law, we would have a dictatorship."

Even though the complained of statement should not have been made, when considered in full context and, more importantly, in view of the Court's prompt instruction to disregard the comment, reversible error is not shown. See, e. g., Ramos v. State, 419 S.W.2d 359 (Tex.Cr.App.1967); Washington v. State, 484 S.W.2d 721 (Tex.Cr.App.1972); Chapman v. State, 503 S.W.2d 237 (Tex.Cr.App.1973) and the cases therein cited, and cf. Fowler v. State, 500 S.W.2d 643 (Tex.Cr.App.1973); Clayton v. State, 502 S.W.2d 755 (Tex.Cr.App. 1973).

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.