Fidel RODRIGUEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 13-81-043-CR.

Court of Appeals of Texas, Corpus Christi.

Feb. 24, 1983.

J. Roberto Rodriguez, McAllen, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

OPINION

KENNEDY, Justice.

This appeal is from a conviction for aggravated robbery, wherein punishment was assessed by a jury at confinement for five years in the Texas Department of Corrections. We affirm.

In his sole ground of error appellant complains of the trial court's permitting the prosecutor to argue the community's expectations of a conviction, which argument was unsupported by any evidence.

All of the cases cited in appellant's brief in support of this ground of error refer to cases where the prosecutor argued that the community wants,[1] expects,[2] is asking for[3] or desires[4] a conviction. This type of argument has been condemned by our Court of Criminal Appeals as being outside the record, i.e., the prosecutor is testifying to what the community *wants.*

In the case before us no such language is used. Paraphrasing the prosecutor's argument, it asks the jury to send a message to the community by convicting appellant and warns of the message which will be sent if he is acquitted. It is the type of argument approved by the Court of Criminal Appeals in *Bowman v. State,* 446 S.W.2d 320 (Tex. Cr.App.1969); *Minafee v. State,* 482 S.W.2d 273 (Tex.Cr.App.1972); and *Bolding v. State,* 493 S.W.2d 181 (Tex.Cr.App.1973).

Appellant's ground of error is overruled, and the judgment of the trial court is AFFIRMED.

1. *Hazzard v. State,* 111 Tex.Cr.R. 539, 15 S.W.2d 638 (Tex.Cr.App.1929).

2. *Pennington v. State,* 171 Tex.Cr.R. 130, 345 S.W.2d 527 (Tex.Cr.App.1961).

3. *Cox v. State,* 157 Tex.Cr.R. 134, 247 S.W.2d 262 (Tex.Cr.App.1951).

4. *Wolly v. State,* 93 Tex.Cr.R. 384, 247 S.W. 865 (Tex.Cr.App.1923).