**William Ellsworth SPAULDING,**
**Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–400–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 9, 1983.

Rehearing Denied Sept. 8, 1983.

Discretionary Review Refused
Nov. 23, 1983.

Richard Manske, Manske & Manske, El Campo, for appellant.

Robert Bell, Dist. Atty., Edna, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

Appellant stands convicted of the offense of aggravated sexual abuse. The jury which found him guilty also found that he had previously been convicted of a felony and assessed his punishment at fifty years' confinement and a fine of $10,000.00. Appellant brings seven grounds of error complaining of alleged errors in his trial and of the sufficiency of the evidence to support the aggravating element of the offense charged.

■ First we consider appellant's challenge to the sufficiency of the evidence. The indictment in this cause charged the aggravating element of the crime in the following language:

"AND THE SAID WILLIAM ELLSWORTH SPAULDING, III, did then and there intentionally and knowingly compel [the victim] to submit to said deviate sexual intercourse by threat of serious bodily injury to be imminently inflicted on [the victim] . . . ." Tex.Penal Code Ann. § 21.05 (Vernon 1974).

The complaining witness testified that the appellant came up behind her and put a knife up against her throat. He then forced her to remove her clothes, at which point the victim stated that she was terrified. She said that after she had taken off her pants, he backed away from her and ordered her to slowly turn around. When she did so, he was pointing the knife at her. She testified that, at that time, she was afraid he was going to kill her and that she would never get to see her little boy or her husband again. The appellant taped her hands and face and committed the sexual assault on the victim.

As the Court of Criminal Appeals has said repeatedly, "a threat can be communicated by action or conduct as well as words." *Whitchurch v. State,* 650 S.W.2d 422 (Tex.Cr.App.1983); *Rogers v. State,* 575 S.W.2d 555, 558 (Tex.Cr.App.1979). The showing that the appellant exhibited a knife and placed it at the throat of the victim was sufficient evidence of the threat

required under section 21.05(a)(2). *Whitchurch v. State, supra; Church v. State,* 552 S.W.2d 138, 140 (Tex.Cr.App.1977). Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence was sufficient to sustain the appellant's conviction of aggravated sexual abuse.

■ Appellant contends that the trial court erred in admitting into evidence State's exhibits 1–5, consisting of photographs used in a photographic lineup in which the victim identified the appellant as her assailant. The photographs complained of were admitted at a pretrial hearing held to determine whether pretrial identification procedures were unduly suggestive. The State did not use the photographs before the jury. The photographs were clearly relevant and necessary for the trial court to determine if the lineup was so impermissibly suggestive as to taint any identification testimony expected at the trial. This was the very purpose of the hearing which was requested by the appellant. It appears that appellant received exactly the relief requested in his motion. He did not except in any way to the trial court's ruling that the lineup was not unduly suggestive, nor did he object to the complaining witness' in-court identification of the appellant. No error is presented.

■ Appellant argues that the trial court erred in denying his motion to set aside the indictment on the grounds of improper grand jury procedure. Appellant bases his argument on the fact that Mr. Frank Helms, the deputy sheriff and criminal investigator for Jackson County, attended the grand jury hearings on appellant's case as a bailiff, testified to the grand jury as a witness, and was present when the defendant appeared before the grand jury. The record reflects that Helms was on official assignment as bailiff for the grand jury in compliance with Tex.Code Crim.Pro.Ann. art. 19.37 (Vernon 1977). He was under oath to keep secret the proceedings of the grand jury. Helms was not present when the grand jury was deliberating.

Appellant claims that the procedure was unfair because Helms was able to hear the appellant's testimony and then shape his own testimony accordingly. However, the record does not reflect the order of testimony. Helms merely admitted that he was present when the appellant testified and that he had testified before the grand jury. The Court of Criminal Appeals said: "when the jurors are not deliberating or voting the presence of persons who have official business in the jury chamber, such as police officers or stenographers, is not discountenanced." *Baldwin v. State,* 478 S.W.2d 476, 478 (Tex.Cr.App.1972); *Minton v. State,* 468 S.W.2d 426, 432 (Tex.Cr.App.1971). See also *Ex parte Rogers,* 640 S.W.2d 921, 924 (Tex.Cr.App.1982). Although perhaps the better procedure would have been to assign a different bailiff, in light of the fact that Helms was scheduled to testify, we hold that failure to do so does not warrant a dismissal of the indictment.

■ Next, appellant alleges that his constitutional right not to give testimony against himself was abridged because he was required to appear before the Jackson County grand jury during the course of its investigation of this case. We find this contention to be without merit. The issue is raised for the first time on appeal. Although appellant testified at the pretrial hearing on his motion to set aside the indictment on the grounds of improper grand jury procedure, he said nothing about having been required to testify. The record is completely devoid of any evidence that the appellant was compelled to testify before the grand jury. Appellant's reliance upon *McClellan v. State,* 413 S.W.2d 391 (Tex.Cr. App.1967) is misplaced. In reversing that conviction and ordering a new trial, the Court of Criminal Appeals recognized that the trial court had expressly found that the grand jury had violated the accused's constitutional right by requiring him to appear *and* testify. There is no such record in this case.

■ Appellant alleges that the trial court erred in allowing the prosecutor, over defense objections, to make improper refer-

ences to the community's expectations for a conviction and a harsh punishment in this case. In reviewing this point, we examine the arguments complained of in the context in which they were made. *Cain v. State,* 549 S.W.2d 707, 717 (Tex.Cr.App.1977). In the closing argument at the guilt or innocence stage of the trial, and in the course of a discussion aimed at convincing the jury of the complaining witness' integrity and credibility, the State's counsel made the following comments:

"You cannot prevent her from waking up in the middle of the night three years from now and recalling this from a nightmare. You cannot prevent that. The only thing you can do is tell [the victim] that it was worth it. It was worth you going to that doctor. It was worth you telling your husband. It was worth you coming to this grand jury, and it was worth coming down here and telling these folks even though you had to be accused of being a drug user, even though people are going to say that you were giving somebody oral sex. It was worth it. It was worth it because the good people of Jackson County are not going to tolerate this kind of conduct."

A few minutes later, after calling the jury's attention to the fact that this was a heinous crime that the victim would someday have to sit down and discuss with her children, he repeated:

"Ladies and gentlemen of the jury, I submit to you that the good citizens of Jackson County are not going to tolerate this kind of conduct ___"

Our analysis of this argument in the context in which it was made convinces us that it was a proper plea for law enforcement. It was not an improper reference to community demands for conviction. See *McCall v. State,* 540 S.W.2d 717, 721 (Tex. Cr.App.1976) (wherein prosecutor's argument to the effect that "the people of this community will know what your verdict is" was held proper); *Hicks v. State,* 545 S.W.2d 805, 810 (Tex.Cr.App.1977) (where the court upheld the prosecutor's statement that "... you twelve people ... are the ultimate people to determine what will and

will not be tolerated in our community."); *Smith v. State,* 418 S.W.2d 683, 684 (Tex.Cr. App.1967) (comment that "the people in the courtroom would gain an impression by the verdict that the jury would render" held not reversible error). See also *Bothwell v. State,* 500 S.W.2d 128 (Tex.Cr.App.1973). However, we have compared, *Pennington v. State,* 171 Tex.Cr.R. 130, 345 S.W.2d 527 (1961) (where conviction was reversed after the State argued "the people of Nueces County expect you to put this man away"); *Cox v. State,* 157 Tex.Cr.R. 134, 247 S.W.2d 262 (1952) (district attorney's argument that, "the people of DeSoto are asking the jury to convict this defendant" held reversible error). The ground of error is overruled.

■ In his argument at the punishment phase, the prosecutor made the following comment:

"In my previous argument I told you that you are the conscience of this community, and that's what you are.

Today, you are going to say something about your verdict. You are going to tell the criminals what you think about this kind of action. You are going to tell law enforcement what you think about it."

Appellant's counsel objected at that point to an improper community argument. Substantially similar if not exactly the same arguments have been held to be proper pleas for law enforcement. See *Brown v. State,* 508 S.W.2d 91, 96 (Tex.Cr.App.1974); *Hicks v. State, supra; Jones v. State,* 634 S.W.2d 61 (Tex.App.—Ft. Worth 1982, d.r. ref'd); *Bucklin v. State,* 634 S.W.2d 44 (Tex.App.—Beaumont 1982, no d.r.). This ground of error is also overruled.

■ Appellant challenges the sufficiency of the evidence to support the submission to the jury of the enhancement paragraph of the indictment in this cause. Appellant pled "true" to the enhancement count at the trial. He has waived the right to complain of the sufficiency of the evidence on that count. *O'Dell v. State,* 467 S.W.2d 444, 447 (Tex.Cr.App.1971). See also *Latta v. State,* 507 S.W.2d 232 (Tex.Cr.App.1974)

and *Alardin v. State*, 491 S.W.2d 872 (Tex. Cr.App.1973). No error is presented.

■ Finally, appellant complains that the trial court erred in "compelling the attorney for appellant in a prior offense and bond forfeiture to testify as to appellant's reputation in the community . . . ." At the punishment phase of the trial, the State called the Honorable Whayland Kilgore, attorney, to testify as to appellant's reputation in the community as a peaceful and law-abiding citizen. At the time he testified, Kilgore was representing the appellant in the appeal of a prior conviction and in an appeal bond revocation matter. Appellant argues that Kilgore's testimony violated his attorney-client privilege for the protection against disclosure of confidential communications and knowledge gained by the attorney by reason of the relationship. See Tex. Code Crim.Pro.Ann. art. 38.10 (Vernon 1979).

This ground of error is without merit. First, we note that attorney Kilgore was not "compelled" to testify. Second, the record shows that appellant's counsel examined Kilgore on voir dire before he testified concerning appellant's reputation. Attorney Kilgore stated without qualification that his testimony would not be based on any confidential information and that he would not testify about anything that was of a confidential nature. There were no objections to any of the questions put by the State to Kilgore or to any of his answers. Nothing is preserved in the record for reversible error. *Crocker v. State*, 573 S.W.2d 190 (Tex.Cr.App.1978). This ground of error is overruled.

We have considered all of appellant's grounds of error. They are overruled. The judgment of the trial court is affirmed.