**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

09/18/15

**DORIAN E. RAMIREZ, CLERK**
**BY** cholloway

ACCEPTED
13-14-00457-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/18/2015 2:52:01 PM
Dorian E. Ramirez
CLERK

## CAUSE NO. 13-14-00457-CR

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
9/18/2015 2:52:01 PM
DORIAN E. RAMIREZ
Clerk

## IN THE COURT OF APPEALS

## THIRTEENTH JUDICIAL DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG, TEXAS

### VICTOR HERNANDEZ,
**Appellant**

**v.**

### STATE OF TEXAS,
**Appellee.**

**On appeal from the 357th Judicial District Court**
**of Cameron County, Texas**
**Trial Court Cause Number 2013-DCR-01953-E**

## STATE'S APPELLATE BRIEF

**Luis V. Saenz**
**Cameron County District Attorney**

**René B. González**
**Assistant District Attorney**
964 East Harrison Street, 4th Floor
Brownsville, Texas  78520
Phone: (956) 544-0849
Fax: (956) 544-0869

**Attorneys for the State of Texas**

# TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Salutation.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument and Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     State's response to points of error one through 18.. . . . . . . . . . . . . . . . . . . 3

     State's response to points of error 19 through 26.. . . . . . . . . . . . . . . . . . . . 6

     State's response to points of error 27 through 44.. . . . . . . . . . . . . . . . . . . 10

     State's response to points of error 45 and 46. . . . . . . . . . . . . . . . . . . . . . . 14

     State's response to points of error 47 and 48. . . . . . . . . . . . . . . . . . . . . . . 17

     State's response to points of error 49 and 50. . . . . . . . . . . . . . . . . . . . . . . 22

     State's response to point of error 51.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Prayer.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

# INDEX OF AUTHORITIES

**Cases**

*Anderson v. State,*
        633 S.W.2d. 851 (Tex. Crim. App. 1982).. . . . . . . . . . . . . . . . . 8, 10, 11, 12

*Brooks v. State,*
        961 S.W.2d 396 (Tex. App.--Houston [1st Dist.] 1997, no writ).. . . . . 23, 24

*Cardenas v. State,*
        325 S.W.3d 179 (Tex. Crim. App. 2010). . . . . . . . . . . . . . . . . . . 5, 13, 14

*Cortez v. State,*
        683 S.W.2d 419 (Tex. Crim. App. 1984). . . . . . . . . . . . . . . . . . . . . . . 15

*Cumbo v. State,*
        760 S.W.2d 251 (Tex. Crim. App. 1988). . . . . . . . . . . . . . . . . . . . . . 5, 12

*Dewberry v. State,*
        4 S.W.3d 735 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . . . . . . . . . . 26

*Dinkins v. State,*
        894 S.W.2d 330 (Tex. Crim. App. 1995). . . . . . . . . . . . . . . . . . . . 15, 17

*Doyle v. Ohio,*
        426 U.S. 610 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Duncan v. Louisiana,*
        391 U.S. 145 (1968). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Faulder v. State,*
        745 S.W.2d 327 (Tex. Crim. App. 1987). . . . . . . . . . . . . . . . . . . . . . . . 4

*Faulkner v. State,*
        940 S.W.2d 308 (Tex. App.--Fort Worth 1997, pet. ref'd). . . . . . . . . . . . 15

*Feldman v. State*,
 71 S.W.3d 738 (Tex. Crim. App. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Fletcher v. State*,
 852 S.W.2d 271 (Tex. App.--Dallas 1993, pet. ref'd). . . . . . . . . . . . . 19, 20

*Hernandez v. State*,
 563 S.W.2d 947 (Tex. Crim. App. 1978). . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hudson v. State*,
 675 S.W.2d 507 (Tex. Crim. App. 1984). . . . . . . . . . . . . . . . . . . . . . . . . 27

*Johnson v. State*,
 83 S.W.3d 229 (Tex. App.--Waco 2002, pet. ref'd). . . . . . . . . . . . . . . . . 22

*Jones v. State*,
 982 S.W.2d 386 (Tex. Crim. App. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Jordan v. State*,
 635 S.W.2d 522 (Tex. Crim. App. 1982). . . . . . . . . . . . . . . . . . . . . . . 5, 12

*Ladd v. State*,
 3 S.W.3d 547 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Little v. State*,
 758 S.W.2d 551 (Tex. Crim. App. 1988). . . . . . . . . . . . . . . . . . . . . . . . . 12

*Mendoza v. State*,
 959 S.W.2d 321 (Tex. App.--Waco 1997, pet. ref'd). . . . . . . . . . . . . . . . . 20

*Moore v. State*,
 999 S.W.2d 385 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . . 5, 6, 9, 13, 14

*Moreno v. State*,
 38 S.W.3d 774 (Tex. App.--Houston [14th Dist.] 2001, no pet.). . . . . . . . . 24

*Patton v. Yount,*
467 U.S. 1025 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Peoples v. State,*
874 S.W.2d 804 (Tex. App.--Fort Worth 1994, no pet.). . . . . . . . . . . . . . 24

*Pierce v. State,*
696 S.W.2d 899 (Tex. Crim. App. 1985). . . . . . . . . . . . . . . . . . . . . . . . 5, 12

*Reynolds v. United States,*
98 U.S. 145 (1879). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Robinson v. State,*
851 S.W.2d 216 (Tex. Crim. App. 1991). . . . . . . . . . . . . . . . . . . . . . . . . 7

*Rodriguez v. State,*
649 S.W.2d 329 (Tex. App.--Corpus Christi 1983, no pet.). . . . . . . . . 15, 16

*Ross v. Oklahoma,*
487 U.S. 81 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Sanchez v. State,*
707 S.W.2d 575 (Tex. Crim. App. 1986). . . . . . . . . . . . . . . . . . . . . . . . . 17

*Shaver v. State,*
280 S.W.2d 740 (Tex. Crim. App. 1955). . . . . . . . . . . . . . . . . . . . . . . . . 8

*Spaulding v. State,*
656 S.W.2d 538 (Tex. App.--Corpus Christi 1983, pet. ref'd).. . . . . . . . . 16

*Stavinoha v. State,*
808 S.W.2d 76 (Tex. Crim. App. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Veteto v. State,*
8 S.W.3d 805 (Tex. App.--Waco 2000, pet. ref'd). . . . . . . . . . . . . . 19, 20, 21

*Wainwright v. Witt*,
469 U.S. 412 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Waldo v. State*,
746 S.W.2d 750 (Tex. Crim. App. 1988). . . . . . . . . . . . . . . . . . . . 19, 20, 21

*Walter v. State*,
267 S.W.3d 883 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . . . . . . 25, 26, 27

*Wilkerson v. State*,
510 S.W.2d 589 (Tex. Crim. App. 1974). . . . . . . . . . . . . . . . . . . . . . . . 16

*Williams v. State*,
417 S.W.3d 162 (Tex. App.--Houston [1st Dist.] 2013, . . . . . . . . . . . . . . 16

*Williams v. State*,
565 S.W.2d 63 (Tex. Crim. App. 1978). . . . . . . . . . . . . . . . . . . . . . . . . 10

*Williams v. State*,
773 S.W.2d 525 (Tex. Crim. App. 1988). . . . . . . . . . . . . . . . . . . . . . . 4, 12

*Wood v. State*,
18 S.W.3d 642 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . . . . . . . . . . . 14

*Woodall v. State*,
77 S.W.3d 388 (Tex. App.--Fort Worth 2002, pet. ref'd). . . . . . . . . . . 14, 15

*Zuliani v. State*,
97 S.W.3d 589 (Tex. Crim. App. 2003). . . . . . . . . . . . . . . . . . . . . . . . . 27

**Statutes**

Tex. Const. art. I, § 10. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Tex. Code Crim. Proc. art. 35.16(a)(9). . . . . . . . . . . . . . . . . . . . . . . . . . 11

Tex. Code Crim. Proc. art. 35.16(c)(2). . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4

Tex. Code Crim. Proc. art. 37.07 § 3(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

**Rules**

Tex. R. App. P. 38.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. R. Evid. 803(24). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 26

**CAUSE NO. 13-14-00457-CR**

**_____**

**IN THE COURT OF APPEALS**

**THIRTEENTH JUDICIAL DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG, TEXAS**

**_____**

**VICTOR HERNANDEZ,**
**Appellant**

**v.**

**STATE OF TEXAS,**
**Appellee**

**_____**

**STATE'S APPELLATE BRIEF**

**_____**

**TO THE HONORABLE COURT OF APPEALS:**

**COMES NOW**, Appellee, the **STATE OF TEXAS**, by and through the

Cameron County District Attorney, the Honorable Luis V. Saenz, and, pursuant to

Rule 38.2 of the Texas Rules of Appellate Procedure, files this, its Appellate Brief

in the above-styled and -numbered cause of action, and in support thereof, would

show this Honorable Court as follows:

## SUMMARY OF ARGUMENT

Appellant raises fifty-one points of error on appeal. In points of error one through 18, Appellant argues that the trial court erred in failing to sustain a challenge for cause to the eighteen panel members listed in these points, and thereby violated article 35.16(c)(2) of the Texas Code of Criminal Procedure. The State responds by asserting that Appellant has failed to demonstrate any error. In points of error 19 through 26, Appellant complains that he was denied a fair and impartial trial as guaranteed by the Sixth Amendment to the U.S. Constitution, because the jury consisted of eight unqualified jurors. The State responds by asserting that Appellant has not demonstrated that he has suffered a violation of the Sixth Amendment. In points of error 27 through 44, Appellant argues that he was denied his Sixth Amendment right to a fair and impartial jury when the trial court re-qualified eighteen panel members. The State responds by asserting that Appellant's Sixth Amendment right has not been violated. In points of error 45 and 46, Appellant argues that the trial court erred in not granting a mistrial during the State's closing argument. The State responds by asserting that the trial court did not err in denying Appellant's request for a mistrial. In points of error 47 and 48, Appellant complains that the trial court erred in not granting a mistrial relating to a comment on the Appellant's post-arrest silence. The State responds by

asserting that the trial court did not err in denying the request for mistrial. In points of error 49 and 50, Appellant complains that the trial court erred in allowing the victim's father to testify to certain matters that amounted to victim impact statements. The State responds by asserting that the trial court did not err in allowing the victim's father to testify concerning the foreseeable effects of Appellant's crime on the victim's immediate family. In point of error 51, Appellant complains that the trial court erred allowing the admission of hearsay evidence before the jury. The State responds by asserting that the trial court did not err in admitting said hearsay, and further, Appellant has failed to preserve this issue for appellate review.

## ARGUMENT & AUTHORITIES

### State's response to points of error one through 18

In points of error one through 18, Appellant argues that the trial court erred in failing to sustain a challenge for cause to the eighteen panel members listed in these points, and thereby violated article 35.16(c)(2) of the Texas Code of Criminal Procedure. The State responds by asserting that Appellant has failed to demonstrate any error.

Appellant's first eighteen issues relate to the eighteen jury panel members

whom he similarly challenged under "range of punishment" and whom the trial court did not release from the jury list by either granting that challenge or otherwise excusing the jurors through the State's agreement or on other challengeable grounds. Appellant argues that these panel members' negative responses to his question show that they could not follow the law by considering the minimum punishment and that they were therefore challengeable for cause. Tex. Code Crim. Proc. art. 35.16(c)(2); *see also Faulder v. State*, 745 S.W.2d 327, 339 (Tex. Crim. App. 1987) (explaining that it is "axiomatic that a prospective juror who states that he cannot consider [the full range of punishment] is subject to challenge for cause") (citation omitted). However, the State responds by asserting that the trial court did not err in refusing to sustain the challenges for cause as to these panel members, because further questioning by the court indicated that they were not subject to a challenge for cause.

The Court of Criminal Appeals has held that once a juror expressly admits his bias against a phase of law upon which both the State and defense are entitled to rely, a sufficient foundation has been laid to support a challenge for cause. *See Williams v. State*, 773 S.W.2d 525, 536 (Tex. Crim. App. 1988) (holding that a juror is biased as a matter of law if he unequivocally expresses an inability to consider five years probation as possible punishment for the lesser-included

offense of murder in a capital-murder trial); *see also Jordan v. State*, 635 S.W.2d 522, 523 (Tex. Crim. App. 1982) (reversible error to deny a defendant's challenge for cause against a juror who could not consider probation for the lesser-included offense of murder in a capital murder case). Therefore, a juror who states that he cannot consider the minimum punishment for a particular statutory offense is subject to a challenge for cause. *Cumbo v. State*, 760 S.W.2d 251, 255–56 (Tex. Crim. App. 1988); *Pierce v. State*, 696 S.W.2d 899, 902 (Tex. Crim. App. 1985) (defendant has the right to challenge for cause any juror who could not give the minimum punishment, including probation). Nevertheless, the Court of Criminal Appeals has also explicitly stated that once a juror states he cannot consider the minimum punishment for a particular offense, the "opposing party or trial judge may then examine the juror further to ensure that he fully understands and appreciates the position that he is taking." *Cardenas v. State*, 325 S.W.3d 179, 185 (Tex. Crim. App. 2010); *see also Moore v. State*, 999 S.W.2d 385, 400 (Tex. Crim. App. 1999) ("When the record reflects that a venireman vacillates or equivocates on his ability to follow the law, the reviewing court must defer to the trial court."). Unless there is further clarification or vacillation by the juror, the trial judge must grant a challenge for cause if the juror states that he cannot consider the full range of punishment. *Cardenas*, 325 S.W.3d at 185.

In the present case, numerous panel members stated that they could not consider probation in the present case. (R.R. Vol. 2, pp. 45-46). Thereafter, these panel members, being the panel members mentioned in points of error one through 18, were asked additional questions concerning their ability to follow the full range of punishment. (R.R. Vol. 2, pp. 66-70). All of these panel members clarified that they could consider the full range of punishment. Because there was further clarification that these panel members could follow the law and could consider the full range of punishment, this Court must defer to the trial court's decision to deny the challenge for cause. *Moore*, 999 S.W.2d at 400.

Therefore, Appellant's points of error one through eighteen should be overruled.

***State's response to points of error 19 through 26***

In points of error 19 through 26, Appellant complains that he was denied a fair and impartial trial as guaranteed by the Sixth Amendment to the U.S. Constitution, because the jury consisted of eight unqualified jurors. The State responds by asserting that Appellant has not demonstrated that he has suffered a violation of the Sixth Amendment.

The Sixth Amendment does guarantee individuals the right to an impartial

jury; however, the Courts have interpreted this right to mean that a challenge for cause to a prospective juror, that is based on his views about the appropriateness of a certain punishment, need not be granted unless the views of the prospective juror would substantially impair the performance of his duties as a juror in accordance with his instructions and oath. *Wainwright v. Witt*, 469 U.S. 412, 424 (1985); *Robinson v. State*, 851 S.W.2d 216, 228 (Tex. Crim. App. 1991). In other words, neither peremptory challenges nor challenges for cause are of constitutional dimension. *See Ross v. Oklahoma*, 487 U.S. 81, 88 (1988); *Jones v. State*, 982 S.W.2d 386, 391 (Tex. Crim. App. 1998). So long as the jury that sits is impartial, a mere error in ruling on a challenge for cause does not mean the Sixth Amendment was violated. *Ross*, 487 U.S. at 88; *Jones*, 982 S.W.2d at 391.

As with any other trial situation where an adversary wishes to exclude a juror because of bias, then, it is the adversary seeking exclusion who must demonstrate, through questioning, that the potential juror lacks impartiality. *See Reynolds v. United States*, 98 U.S. 145, 157 (1879). It is then the trial judge's duty to determine whether the potential juror is impartial. *Wainwright*, 469 U.S. at 423-24; *see also Patton v. Yount*, 467 U.S. 1025, 1036 (1984) (where a criminal defendant sought to excuse a juror for cause and the trial judge refused, the question was simply "did [the] juror swear that he could set aside any opinion he

might hold and decide the case on the evidence, and should the juror's protestations of impartiality have been believed"). Therefore, when a defendant complains that his Sixth Amendment right to a fair and impartial jury has been violated, it is that defendant's burden to demonstrate that the persons selected to serve on the jury were not, in fact, fair and impartial. An impartial jury is one which favors neither party, which is unprejudiced, disinterested, equitable, and just and is composed of jurors who have not prejudged the merits of the case. *Shaver v. State*, 280 S.W.2d 740, 742 (Tex. Crim. App. 1955). On the other hand, bias exists, as a matter of law, when a prospective juror admits he is biased for or against a defendant. *Anderson v. State*, 633 S.W.2d. 851, 854 (Tex. Crim. App. 1982). When bias is not established as a matter of law, the trial court then has discretion to determine whether bias actually exists to a degree that the juror is disqualified and should be excused from jury service. *Id*. at 853-54.

In the present case, jurors listed in points of error 19 through 26 first stated that they could not consider the full range of punishment; however, on further examination by the court, the jurors all stated that they could follow the law and consider the full range of punishment. The trial judge then ruled that these jurors were not subject to a challenge for cause, thus implicitly ruling that these jurors were fair and impartial. Appellant has not demonstrated that the trial court abused

its discretion in making such ruling.

The facts herein demonstrate that the jurors listed in points of error 19 through 26 all initially stated that they could not consider the full range of punishment. (R.R. Vol. 2, pp. 45-46). Thereafter, these panel members, including Esmeralda Valdez, Eddie Jaimes, Myrna Stockton, Roman Torres, Eduardo Gonzalez, Maria Delourdes Liendo, Norberto Flores, Jr., and Belinda Zavala (the jurors listed in points of error 19 through 26), were asked additional questions concerning their ability to follow the full range of punishment. (R.R. Vol. 2, pp. 66-75). All of these panel members clarified that they could consider the full range of punishment. Because there was further clarification that these panel members could follow the law and could consider the full range of punishment, this Court must defer to the trial court's decision to deny the challenge for cause. *Moore*, 999 S.W.2d at 400. Appellant has not provided any basis upon which to find that the answers of these jurors are not to be believed, and therefore, Appellant has failed to demonstrate that his case was not heard by a fair and impartial jury.

Accordingly, Appellant's points of error 19 through 26 should be overruled.

***State's response to points of error 27 through 44***

In points of error 27 through 44, Appellant argues that he was denied his Sixth Amendment right to a fair and impartial jury when the trial court re-qualified eighteen panel members. The State responds by asserting that Appellant's Sixth Amendment right has not been violated.

Appellant argues that based on the record the potential jurors listed in points of error 27 through 44 were biased as a matter of law; therefore, the trial court was required to excuse him even if he stated he could set aside his bias and provide a fair trial. *See Williams v. State*, 565 S.W.2d 63, 65 (Tex. Crim. App. 1978). Appellant does not argue that these persons were not rehabilitated - he argues only that such rehabilitation was erroneously permitted, and that these persons should have been excused for cause because they was biased as a matter of law.

Appellant relies on various authorities, including *Anderson v. State*, 633 S.W.2d 851 (Tex. Crim. App. 1982). Distilled, Appellant's argument is that if a challenged prospective juror is biased as a matter of law, the juror must be struck and cannot be rehabilitated; and bias as a matter of law exists when the prospective juror admits he is biased for or against the defendant. *Id*. at 854. Hence, being biased as a matter of law, Appellant argues, these potential jurors should have been struck and not subject to rehabilitation by the State. The State

responds, however, that the initial statement of these potential jurors did not admit they had any sort of "personal issue" or that the issue was a bias against Appellant. Rather, these prospective jurors noted that they had a problem with the law, as it had been explained to them.

The Sixth Amendment to the United States Constitution guarantees that in all criminal prosecutions the defendant is entitled to a trial "by an impartial jury." This right is applicable to the States through the Fourteenth Amendment. *Duncan v. Louisiana*, 391 U.S. 145 (1968); *see also Hernandez v. State*, 563 S.W.2d 947, 950 (Tex. Crim. App. 1978). A party may challenge any prospective juror who demonstrates a bias or prejudice against the defendant. Tex. Code Crim. Proc. art. 35.16(a)(9). The test is whether the bias or prejudice would substantially impair the prospective juror's ability to carry out his oath and instructions in accordance with the law. *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002). Bias is established as a matter of law when a prospective juror admits he is biased for or against the defendant. *Anderson*, 633 S.W.2d at 854. When a prospective juror is shown to be biased as a matter of law, he must be excused when challenged, even if he states he can set aside his bias and provide a fair trial. *Anderson*, 633 S.W.2d at 854. When bias is not established as a matter of law, the trial court then has discretion to determine whether bias actually exists to a degree that the juror is

disqualified and should be excused from jury service. *Id*. at 853-54. It is left to

the discretion of the trial court, however, to initially determine whether such a bias

exists and the trial court's decision will be reviewed in light of all of the answers

given. *Id*. Unless bias or prejudice is established as a matter of law, the appellate

court cannot overturn the trial court's ruling. *Little v. State*, 758 S.W.2d 551, 556

(Tex. Crim. App. 1988).

The Court of Criminal Appeals has held that once a juror expressly admits

his bias against a phase of law upon which both the State and defense are entitled

to rely, a sufficient foundation has been laid to support a challenge for cause. *See*

*Williams v. State*, 773 S.W.2d 525, 536 (Tex. Crim. App. 1988) (holding that a

juror is biased as a matter of law if he unequivocally expresses an inability to

consider five years probation as possible punishment for the lesser-included

offense of murder in a capital-murder trial); *see also Jordan v. State*, 635 S.W.2d

522, 523 (Tex. Crim. App. 1982) (reversible error to deny a defendant's challenge

for cause against a juror who could not consider probation for the lesser-included

offense of murder in a capital murder case). Therefore, a juror who states that he

cannot consider the minimum punishment for a particular statutory offense is

subject to a challenge for cause. *Cumbo*, 760 S.W.2d at 255–56; *Pierce v. State*,

696 S.W.2d 899, 902 (Tex. Crim. App. 1985) (defendant has the right to challenge

for cause any juror who could not give the minimum punishment, including probation).  Nevertheless, the Court of Criminal Appeals has also explicitly stated that once a juror states he cannot consider the minimum punishment for a particular offense, the "opposing party or trial judge may then examine the juror further to ensure that he fully understands and appreciates the position that he is taking."  *Cardenas v. State*, 325 S.W.3d 179, 185 (Tex. Crim. App. 2010); *see also Moore*, 999 S.W.2d at 400 ("When the record reflects that a venireman vacillates or equivocates on his ability to follow the law, the reviewing court must defer to the trial court.").  Unless there is further clarification or vacillation by the juror, the trial judge must grant a challenge for cause if the juror states that he cannot consider the full range of punishment.  *Cardenas*, 325 S.W.3d at 185.

In the present case, the panel members listed in issues 27 through 44 all stated that they could not consider probation in the present case.  (R.R. Vol. 2, pp. 45-46).  Thereafter, these panel members were asked additional questions concerning their ability to follow the full range of punishment.  (R.R. Vol. 2, pp. 66-70).  All of these panel members clarified that they could consider the full range of punishment.  Because there was further clarification that these panel members could follow the law and could consider the full range of punishment, this Court must defer to the trial court's decision to deny the challenge for cause.

State's Brief                                                                                          Page 13

*Moore*, 999 S.W.2d at 400.

Appellant has not demonstrated that the trial court abused its discretion in allowing the subject panel members to clarify their answers. Further, this type of clarification has been specifically authorized by the Court of Criminal Appeals. *See Cardenas*, 325 S.W.3d at 185. Therefore, Appellant's issues 27 through 44 should be overruled.

### State's response to points of error 45 and 46

In his forty-fifth and forty-sixth points of error, Appellant argues that the trial court erred in not granting a mistrial during the State's closing argument. The State responds by asserting that the trial court did not err in denying Appellant's request for a mistrial.

This Court must review the trial court's denial of a defendant's motions for mistrial for an abuse of discretion. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); *Woodall v. State*, 77 S.W.3d 388, 399 (Tex. App.--Fort Worth 2002, pet. ref'd). A trial court may declare a mistrial when an error occurs that is so prejudicial that the expenditure of further time and expense would be wasteful. *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). Whether a trial court abused its discretion in denying a motion for mistrial depends on whether the

court's instruction cured any prejudicial effect. *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995); *Faulkner v. State*, 940 S.W.2d 308, 312 (Tex. App.--Fort Worth 1997, pet. ref'd). Generally, almost any improper argument may be cured by an instruction to disregard. *Faulkner v. State*, 940 S.W.2d 308, 312 (Tex. App.--Fort Worth 1997, pet. ref'd) (*citing Dinkins*, 894 S.W.2d at 357); *see also Woodall*, 77 S.W.3d at 399. However, a comment may be so egregious or inflammatory as to render the instruction ineffective in curing the prejudice. *Dinkins*, 894 S.W.2d at 357; *Woodall*, 77 S.W.3d at 399.

Initially, this Court must determine whether the prosecutor's comment during closing argument was improper. Therefore, the question raised by these points of error is whether the State's argument falls in the category of asking the jury to be the voice of the community-a proper plea for law enforcement-or of asking the jury to lend its ear to the community-an improper argument directed at the expectations of the community. *See Cortez v. State*, 683 S.W.2d 419, 421 (Tex. Crim. App. 1984). Arguments directed at what the community wants, expects, is asking for, or desires are improper expectations of the community arguments. *Rodriguez v. State*, 649 S.W.2d 329, 330 (Tex. App.--Corpus Christi 1983, no pet.). Arguments asking that the jury send a message to the community are proper pleas for law enforcement. *Id*.

Here, the arguments about which Appellant complains clearly asked the jury to "send a message" that "we are not going to tolerate this..." (R.R. Vol. 5, pp. 100-101). Therefore, these arguments are proper pleas for law enforcement. *See Spaulding v. State*, 656 S.W.2d 538, 541 (Tex. App.--Corpus Christi 1983, pet. ref'd, untimely filed) (court held that the State's argument, "the good people of Jackson County are not going to tolerate this kind of conduct," was a proper plea for law enforcement).

Nevertheless, the trial court sustained Appellant's objection to this argument and then made a prompt instruction to disregard the comment. Under similar circumstances, Texas courts have held that a prompt instruction to disregard cures any resulting harm. *See Wilkerson v. State*, 510 S.W.2d 589, 591–92 (Tex. Crim. App. 1974). Appellant does not cite any cases in which similar comments in closing argument were held to be incurable by a prompt jury instruction.

From this record, this cannot conclude that the prosecutor's statement was so egregious or inflammatory that it was not cured by the trial court's instruction to disregard. *See Williams v. State*, 417 S.W.3d 162, 172-73 (Tex. App.--Houston [1st Dist.] 2013, pet. ref'd). Accordingly, this Court should find that Appellant has not demonstrated that the trial court abused its discretion and overrule

Appellant's forty-fifth and forty-sixth issues.

### *State's response to points of error 47 and 48*

In his forty-seventh and forty-eighth points of error, Appellant complains that the trial court erred in not granting a mistrial relating to a comment on the Appellant's post-arrest silence. The State responds by asserting that the trial court did not err in denying the request for mistrial.

A comment on a defendant's post-arrest silence violates the rights of the accused under the Fifth Amendment of the United States Constitution and article I, section 10 of the Texas Constitution. *See Doyle v. Ohio*, 426 U.S. 610, 618 (1976); *Dinkins v. State*, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995); *Sanchez v. State*, 707 S.W.2d 575, 582 (Tex. Crim. App. 1986). Under the U.S. Constitution, the State cannot use the post-arrest silence of an accused, after assurances such as *Miranda* warnings, to impeach an explanation subsequently offered at trial. *See Doyle*, 426 U.S. at 618. The Texas Court of Criminal Appeals has determined that, in addition to the *Doyle* prohibition, post-arrest, pre-*Miranda* silence also may not be used against an accused at trial. *See Sanchez*, 707 S.W.2d at 582.

During the State's cross-examination of Appellant, the following exchange occurred:

Q. So, and just to be clear that when you and your lawyer turned you over to the police at the bridge, you never gave a statement?

MR. STAPLETON: I'll object, Your Honor. That's -- we've previously discussed that. It's a violation of 38.22, the right not to testify. It's completely improper.

MR. GUZMAN: I didn't make any comment on the fact that he is the reason why he did give a statement or not. I said did he give one or not.

THE COURT: I am sustaining the objection.

MR. STAPLETON: And I ask that the jury be instructed to disregard.

THE COURT: Jury is instructed to disregard.

MR. STAPLETON: And I move for a mistrial.

THE COURT: It's denied. (R.R. Vol. 5, pp. 12-13).

At this time, Appellant's counsel objected and the trial court sustained his objection. The court then instructed the jury to disregard the question by the prosecutor. Appellant's request for a mistrial was denied by the court. The prosecutor did not again comment on Appellant's post-arrest silence during cross-examination or closing argument.

The State concedes that the record clearly shows that the State improperly commented on Appellant's post-arrest silence in violation of the United States and Texas Constitutions. This Court must now consider whether the trial court's

instruction cured the prejudice.

Potential prejudice resulting from a question concerning post-arrest silence can be cured by an instruction to disregard. *See Waldo v. State*, 746 S.W.2d 750, 754 (Tex. Crim. App. 1988). An instruction to disregard will be presumed effective unless the facts of the case suggest the impossibility of removing the impression produced on the minds of the jury. *Id*.; *see also Veteto v. State*, 8 S.W.3d 805, 811 (Tex. App.--Waco 2000, pet. ref'd). The effectiveness of a curative instruction is determined on a case-by-case basis. *See Veteto*, 8 S.W.3d at 811. Although not specifically adopted as definitive or exhaustive, the courts have looked to several factors to determine whether an instruction to disregard cured the prejudicial effect. *See Waldo*, 746 S.W.2d at 754; *see also Veteto*, 8 S.W.3d at 811; *Fletcher v. State*, 852 S.W.2d 271, 275 (Tex. App.--Dallas 1993, pet. ref'd). They are as follows: 1) the nature of the error; 2) the persistence of the prosecution in committing the error; 3) the flagrancy of the violation; 4) the particular instruction given; 5) the weight of the incriminating evidence; and 6) the harm to the accused as measured by the severity of sentence. *Waldo*, 746 S.W.2d at 754.

*Nature of the Error*

Although the nature of the error is not such that an instruction can never cure it, the State concedes that a question infringing on Appellant's

constitutionally protected rights is serious in nature. *See Veteto*, 8 S.W.3d at 811.

*Persistence and Flagrancy*

Unlike the repeated improper comments in *Veteto* and *Mendoza*, the State did not repeat its improper question concerning Appellant's post-arrest silence. *Veteto*, 8 S.W.3d at 811; *Mendoza v. State*, 959 S.W.2d 321, 324–25 (Tex. App.-- Waco 1997, pet. ref'd). The State did not broach this subject again during cross-examination, nor did the State comment on Appellant's post-arrest silence during the remainder of the trial. Therefore, this Court should not find any persistence or flagrancy by the State in the present case.

*Particular Instruction Given*

The trial court instructed the jurors as follows: "Jury is instructed to disregard." The courts have found similar instructions adequate to cure the error. *See Waldo*, 746 S.W.2d at 755–56 ("Jury is instructed to disregard the last comment of the witness."); *Mendoza*, 959 S.W.2d at 324 ("I again instruct the jury that they will not consider the last statement made by the State's attorney for any purpose whatsoever."); *Fletcher*, 852 S.W.2d at 275 ("It is going to be assumed by the court that the jury is going to follow the court's instructions, not to consider that, and that line of questions."). Therefore, this Court should find the trial court's instruction adequate under the circumstances.

*Weight of the Evidence*

The evidence is uncontradicted that Appellant shot the victim, and Appellant judicially confessed to the commission of the offense. The question at trial was solely one of punishment. As such, the totality of the evidence supports the finding that the question on Appellant's post-arrest silence was not of a material character calculated to influence or affect the jury adversely to Appellant. *See Waldo*, 746 S.W.2d at 756.

*Severity of Punishment*

After being found guilty of aggravated assault with an affirmative finding of a deadly weapon, the jury sentenced Appellant to fifty (50) years' imprisonment. The range of punishment after affirmatively answering the special issue was five (5) to ninety-nine (99) years', or life, imprisonment. Considering the nature of the offense of first-degree aggravated assault with the use of a firearm, this Court should conclude that the improper question did not increase the severity of the sentence. *See Veteto*, 8 S.W.3d at 812.

*Summary of Factors*

The improper question on Appellant's post-arrest silence is serious in nature, but not such that an instruction cannot cure it. *Id*. at 811. Because the State did not repeat its question, the instruction was adequate, and there is no

indication that the jury's verdict or sentence was influenced by the improper question, this Court must find that the instruction cured the prejudicial effect. *See Johnson v. State*, 83 S.W.3d 229, 232-33 (Tex. App.--Waco 2002, pet. ref'd). Accordingly, the trial court did not err by overruling the motion for mistrial. Points forty-seven and forty-eight should be overruled.

***State's response to points of error 49 and 50***

In his forty-ninth and fiftieth points of error, Appellant complains that the trial court erred in allowing the victim's father to testify to certain matters that amounted to victim impact statements. The State responds by asserting that the trial court did not err in allowing the victim's father to testify concerning the foreseeable effects of Appellant's crime on the victim's immediate family.

Specifically, Appellant complains of the testimony of the victim's father on direct examination, where he described the emotional effects that this offense had on the victim's immediate family. Appellant's trial counsel objected to this testimony as being irrelevant; however, the trial court overruled said objection. (R.R. Vol. 3, pp. 20-21). Appellant now complains that this evidence was irrelevant and amounted to improper victim impact statements.

In non-capital felony cases, the State may present evidence "as to any matter

that the court deems relevant to sentencing." *See* Tex. Code Crim. Proc. art. 37.07 § 3(a). Where such evidence constitutes victim impact testimony, the Court of Criminal Appeals has held that relevancy depends upon whether the testimony has "some bearing on the defendant's personal responsibility and moral guilt." *Stavinoha v. State*, 808 S.W.2d 76, 79 (Tex. Crim. App. 1991). Stated differently, the relevance of victim impact testimony in a non-capital felony case requires that such testimony have a "close, direct link to the circumstances of the case." *Brooks v. State*, 961 S.W.2d 396, 399 (Tex. App.--Houston [1st Dist.] 1997, no writ).

In *Stavinoha*, the defendant, a priest, pled guilty to the offense of aggravated sexual assault of a nine year-old parishioner. *See Stavinoha*, 808 S.W.2d at 77. During the punishment phase, the trial court admitted victim impact testimony from a psychologist detailing the mental trauma suffered by complainant's mother as a result of the defendant's act. *Id*. On appeal, the Court upheld this testimony as relevant, reasoning that, because the defendant had cultivated the trust of complainant's mother and understood her vulnerabilities as a single parent, he could easily have anticipated the impact his betrayal of trust would have on her. *Id*. at 79.

Subsequently, the First Court of Appeals reached a similar result in *Brooks v. State*, also a non-capital felony trial. *See Brooks*, 961 S.W.2d at 401. In

*Brooks*, a jury found the defendant guilty of murdering William Wooten, brother of Brenda Williams. During the punishment phase, Williams testified that as a result of her brother's death, she had been suffering from stress and that a physician diagnosed her as being on the verge of a nervous breakdown. *Id*. at 397. On appeal, the *Brooks* court upheld the impact testimony of the decedent's sister as relevant to sentencing. *Id*. at 401; *see also Peoples v. State*, 874 S.W.2d 804, 807 (Tex. App.--Fort Worth 1994, no pet.) (finding that impact testimony relating a mother's anguish as her son died in her arms bore on the defendant's personal responsibility and moral guilt because he should have anticipated this).

Applying this to the present case, this Court should find that the trial court's admission of victim impact testimony from the victim's father was a logical extension of *Stavinoha*. Here, Appellant could easily have anticipated the psychological impact of his crime on members of the victim's extended family. Accordingly, this Court should find that the effect of Appellant's crime on the victim's immediate family, as testified to by the victim's father, was foreseeable to Appellant and thus relevant. *See also Moreno v. State*, 38 S.W.3d 774, 777-78 (Tex. App.--Houston [14th Dist.] 2001, no pet.). Accordingly, this Court should overrule Appellant's forty-ninth and fiftieth points of error.

***State's response to point of error 51***

In his fifty-first and final issue, Appellant complains that the trial court erred allowing the admission of hearsay evidence before the jury. The State responds by asserting that the trial court did not err in admitting said hearsay, and further, Appellant has failed to preserve this issue for appellate review.

Appellant specifically complains of the admission of the testimony of Officer Julian Ramirez concerning statements made by the Appellant's mother. These statements outlined the fact that Appellant's mother visited Appellant while in Mexico and assisted him with money, after the commission of the offense, but before his surrender.

Appellant alleges that the above statements were admitted in violation of Rule 803(24) of the Texas Rules of Evidence. Specifically, Appellant asserts that the statements were not corroborated as required by the Rules of Evidence.

Generally speaking, the hearsay rule excludes any out-of-court statement offered to prove the truth of the matter asserted. *Walter v. State*, 267 S.W.3d 883, 889 (Tex. Crim. App. 2008). Rule 803(24), however, provides an exception for statements against interest. *Id*. at 890. The rationale behind this exception is that people ordinarily do not make damaging statements about themselves unless they believe that the statements are true. *Id*. The rule sets out a two-step protocol for

the determination of admissibility. *Id*. First, the trial court must determine whether the statement, considering all the circumstances, subjects the declarant to criminal liability and whether the declarant realized this when he made the statement. *Id*. at 890–91. Second, the court must determine whether there are sufficient corroborating circumstances that clearly support the trustworthiness of the statement. *Dewberry v. State*, 4 S.W.3d 735, 751 (Tex. Crim. App. 1999). A trial court should consider a number of factors: (1) whether the guilt of the declarant is inconsistent with the guilt of the defendant; (2) whether the declarant was so situated that he might have committed the crime; (3) the timing of the declaration; (4) the spontaneity of the declaration; (5) the relationship between the declarant and the party to whom the statement is made; and (6) the existence of independent corroborative facts. *Id*.

Statements that are directly against the declarant's interest and collateral "blame-sharing" statements may be admissible under Rule 803(24) if corroborating circumstances clearly indicate their trustworthiness. *Walter*, 267 S.W.3d at 896. However, "blame-shifting" statements that minimize the speaker's culpability are not admissible, absent extraordinary circumstances. *Id*. Thus, the trial judge is obligated to parse a generally self-inculpatory narrative and weed out those specific factual statements that are self-exculpatory or that shift blame to

another. *Id*. at 897. The trial court's ruling on the admissibility of a hearsay statement pursuant to an exception is reviewed under an abuse of discretion standard. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).

The statements at issue in the present case were statements made by Appellant's mother that were self-inculpatory or "blame-sharing", in that she admitted to having assisted Appellant evade apprehension by the police. The statements were corroborated by Appellant's testimony, who testified that his mother did visit him while he was hiding out in Matamoros, Mexico, and that she did assist him with money. (R.R. Vol. 5, p. 24). Therefore, the trial court did not abuse its discretion in admitting this evidence.

Moreover, an error in admission of evidence is cured where substantially the same evidence comes in elsewhere without objection. *See Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984). Assuming, *arguendo*, that the complained-of evidence was inadmissible, Appellant did not preserve error because the same or substantially the same evidence was admitted without objection through testimony from Appellant himself. *Id*. Therefore, this Court should overrule Appellant's fifty-first issue.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the State of Texas prays that this Court will overrule Appellant's issues on appeal, and affirm both the judgment of conviction and the sentence herein.

Respectfully Submitted,

**LUIS V. SAENZ**
**Cameron County District Attorney**
964 East Harrison Street, 4th Floor
Brownsville, Texas  78520
Phone: (956) 544-0849
Fax: (956) 544-0869

By:  */s/ René B. González*
**René B. González**
Assistant District Attorney
State Bar No. 08131380
rgonzalez1@co.cameron.tx.us

**Attorneys for the State of Texas**

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this document contains 6,131 words (excluding the cover, table of contents and table of authorities).  The body text is in 14 point font, and the footnote text is in 12 point font.

*/s/ René B. González*
René B. González

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing State's appellate Brief was served upon Mr. Edmund K. Cyganiewicz, Attorney at Law, 1000 East Madison Street, Brownsville, Texas 78520, edcyganiewicz@rgv.twcbc.com on the 18th day of September, 2015.

/s/ René B. González
René B. González